## NATIONAL SURETY CORPORATION v. CITY OF ALLENTOWN et al.

### No. 20536.

District Court, E. D. Pennsylvania.

March 2, 1939.

Fred B. Gernerd, of Allentown, Pa., and Fox & McTighe, of Norristown, Pa., for plaintiff.

Calvin E. Arner, Butz, Steckel & Rupp, and S. D. Frederick, all of Allentown, Pa., for defendants.

DICKINSON, District Judge.

The question to which an answer is sought is a very simple and narrow one. An analysis of the fact situation will disclose this.

Jerry F. Kern was duly elected Treasurer of the City of Allentown. He thus became an ex officio Collector of the Taxes due the City of Allentown, the County of Lehigh, the School District of the City of Allentown, and the Poor District of the County of Lehigh. He was required by law to give bond, with surety, for the faithful performance of his duties. The Commonwealth of Pennsylvania was made the obligee but the bond was for the use and benefit of the several municipalities concerned. The penal sum of the bond was fixed by the Councils of the City of Allentown, and the bond, when given, was approved by Councils. The bond in this instance was fixed at $125,000, and the plaintiff became surety. The bond as given was duly approved. The so-called premium payable to the plaintiff as such surety was the annual sum of $6,666, which was agreed to by Kern. The premiums for the years 1936, 1937 and 1938 are unpaid. The law imposes the obligation upon each of the defendants to pay one-third of these premiums. The plaintiff has brought its action against the three defendants for the whole sum of premiums due. The defendants moved to strike the Statement of Claim for failure to comply with the Practice Act of 1915, 12 P.S. Pa. § 382 et seq. The plaintiff filed an Amended Statement of Claim, and the defendants withdrew their motion to strike. Each of them then filed an Affidavit of Defense raising a question of law. That question is whether the plaintiff can maintain its action against the three defendants for the total premiums due on the averment that each is liable for one-third there-

of. This is a question of procedure to which we restrict the discussion.

The School District, defendant, has raised what is in effect the further question of its liability for any part of the premium. Into this question we do not go, as it is best disposed of as a trial question.

### Discussion.

A clarifying preliminary statement may help to present to our minds the question, an answer to which is to be found. Before any statutory provisions on the subject, an official required to give bond, gave it at his own cost and expense. When compensated sureties came into the picture, it was thought burdensome to the official to impose the charge of a so-called premium upon him, and it was assumed by the obligees in the bond for whose benefit it was required. An additional and a reason of doubtless greater practical weight for this assumption of the expense, was that the Surety Companies found it to be to their interest to have this done. Whatever the reason, it was done but it took the form of the bonded official paying the premium and being allowed a credit for it in his accounting. In theory the obligation to pay was that of the official obligor. He paid but was compensated by the credit allowed him for the payment made. As the law thus stood the right of the surety was to exact payment when the surety obligation was entered into, or to trust the official for it. When, however, Statutes were passed imposing an obligation to pay the premium, upon the obligee for whose benefit the bond was given, a wholly new situation was created. The official obligor was under a contractual obligation to pay but the obligee was under the legal obligation to pay because the law imposed duty to pay. The latter would support a right of action upon the theory of an implied assumpsit. In theory it was a matter of indifference to the obligee whether it paid the official obligor because the latter had paid the premium or paid the premium to the surety because the law required the payment. Practically of course there might be the question of a double payment. No question is raised of the obligation of the obligee to pay. The question raised is wholly a procedural one.

It is not asserted that the defendants are liable in solido. Each however is asserted to be liable for one-third. Can an action be maintained against all and a general judgment be rendered against them?

This would in effect be a judgment against each for the whole premium, when its obligation was to pay only one-third. Clearly this could not be done. Can then, in an action against all, separate judgments be entered against each for the one-third of the premium for which each is liable? Under what we know as the Common Law practice this could not be done but the plaintiff would be driven to its separate action against each defendant. Has however this law been changed? It has long been recognized that where, as here, the obligation is like and in this sense common, to two or more defendants, to require the bringing of a separate action against each, is a waster of time, trouble and expense.

■ Rule 26 of our Equity Rules, 28 U.S.C.A. following section 723, permits such a controversy to be determined in one proceeding. Rule 20 of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, specifically upholds the right of the plaintiff to have determined in one action separate demands against several defendants. This case arose before the New Rules became effective but Rule 86 makes it our duty to give effect to them. Giving effect to them, we are constrained to hold that when a plaintiff has a like claim against each of two or more defendants, he is not driven to a separate action against each but may sue all in one action, recovering separate judgments against each for the part of the claim for which he is liable.

This is a departure from the stern logic of the so-called Common Law, but although illogical, it does have the practical merit of redressing, as here, in one action, a complaint which would otherwise require three separate actions. Just what will be the final effect of applying the New Rules of Civil Procedure, no one can tell. There is in them the evident intent to abolish the distinction between Law and Equity. Inasmuch as the modern concept of Equity is nothing more than a system of legal practice different from that pursued at law, it is difficult to forecast the result of abolishing the distinction between Law and Equity. Had the present suit been a proceeding in Equity instead of an action at law, then under Equity Rule 26, the complaint of the plaintiff against each of these defendants might have been redressed in one Bill against all. What we rule is that what could have been done in Equity may now be done through an action at law.

The question raised by the Affidavit of Defense and above discussed, is resolved in favor of the plaintiff, and the defendants may within fifteen days file an Affidavit of Defense to the merits of the plaintiff's claim, in accordance with the Practice Act of 1915.