274

Peyser & Harris, of New York City, for plaintiff.

Daniel Miner, of New York City (Allen M. Taylor, of New York City, of counsel), for defendants Chrysler Corporation and Rudy Motors, Inc.

BYERS, District Judge.

Motion to dismiss complaint made by the defendant Chrysler Corporation on the ground that the Court lacks jurisdiction because a co-defendant, Rudy Motors, Inc., is a New York corporation, of which state the plaintiff is a resident and presumably a citizen.

The moving papers consist of notice of motion and a copy of the complaint from which it appears that in paragraph Second the allegation occurs concerning the incorporation of the said defendant under the laws of the State of New York.

The plaintiff charges that the defendant Chrysler Corporation, a corporation of Delaware, and the defendant The Electric Auto-Lite Company, a corporation of Ohio, and the said defendant Rudy Motors, Inc., which was a dealer in automobiles manufactured by the Chrysler Corporation, were careless and negligent, in that a battery installed in a car purchased by the plaintiff from the dealer company defendant ex-

**HASTINGS v. CHRYSLER CORPORATION et al.**

**Civil Action No. 3401.**

District Court, E. D. New York.

Nov. 19, 1943.

ploded, causing personal injuries to the plaintiff.

Assuming the foregoing allegations to be true for the purpose of this motion, it is clear that the Rudy Motors, Inc., is not an indispensable party to the cause of action, since recovery could be had against the defendant Chrysler Corporation, if the evidence so justifies, within the principles laid down in the case of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, Ann.Cas.1916C, 440, L.R.A.1916F, 696. That case establishes the substantive law of the State which is binding upon this court.

Since Rudy Motors, Inc., is not an indispensable party, it would seem that this action could be discontinued as to it, upon the theory of severance, and the cause be allowed to proceed to trial. Such is understood to be the comment in the opinion in the case of Olsen v. Jacklowitz, 2 Cir., 74 F.2d 718, at page 719, where the Court says: "The only possible ground of such jurisdiction was diversity of citizenship, and the complaint itself showed that the plaintiff and one of the two defendants alleged to have been joint tort-feasors were residents of the same state. * * * The plaintiff could undoubtedly have sued Shell Eastern Products, Inc., alone in the District Court. We may assume arguendo that, even after the suit was brought as it was, he could have discontinued as to Jacklowitz (the resident of New York) and proceeded against the nonresident defendant. See Thomas v. Anderson, 8 Cir., 223 F. 41. But he did not attempt that. * * *"

The difficulty with the present situation is that the plaintiff has not sought in the pending motion or otherwise to discontinue the action against Rudy Motors, Inc., and proceed against the other two defendants as to which jurisdiction has been obtained only over the Chrysler Corporation. In that state of the record, it would seem that the motion must be granted, and it is not clear that Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, applies in terms, because there has been no misjoinder of parties in the sense that the Rudy company is not a proper party to the controversy. It is a proper party but not an indispensable one, as has been stated.

It follows that the motion to dismiss the complaint must be granted, unless within five days from the entry of an order upon this motion the plaintiff shall apply for leave to discontinue this cause as against Rudy Motors, Inc., only. If such an application were to be made, no good reason appears why it should not be granted in the interests of justice.

Settle order in accordance with the foregoing.