PEARCE v. PENNSYLVANIA R. CO. et al.
Civ. A. No. 5491.

District Court, E. D. Pennsylvania.
June 13, 1946.

B. N. Richter, of Philadelphia, Pa., for plaintiff.

W. Wilson White, of White & Williams, of ·Philadelphia, Pa., for Esther Hofkin.

BARD, District Judge.

This is a motion, under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by defendant Esther Hofkin, individually and trading as Penn Galvanizing Company, to dismiss the complaint as to the moving party for want· of jurisdiction.

The complaint alleges a cause of action substantially as follows:

Plaintiff, a citizen of Pennsylvania, was an employee of defendant Pennsylvania Railroad Company, a common carrier engaged in interstate commerce. Defendant Esther Hofkin owns and operates a building at 2201 E. Tioga Street, Philadelphia, and engages in the business of galvanizing metal products at that location.[1]

On July 12, 1945 plaintiff was engaged in a shifting operation of a train on a railroad siding leading into the plant owned by defendant Esther Hofkin. Due to an unsafe condition of a walkway beside the track, plaintiff lost his balance and fell to the ground, suffering certain injuries. The complaint avers that these injuries were caused by defendants' negligence.

The complaint further alleges that this court has jurisdiction in this action under

[1] The complaint does not aver the citizenship of defendant Esther Hofkin. At the argument plaintiff's attorney conceded that defendant Esther Hofkin was a citizen of Pennsylvania.

the Federal Employers' Liability Act[2] and the Safety Appliance Acts.[3]

Although the complaint is not clearly drawn, it appears to allege alternative causes of action against the two defendants. The action against the railroad is based on its negligent failure to provide a safe place to work for its employees and is obviously brought under the Federal Employers' Liability Act. The action against defendant Hofkin is based on the alleged negligent violation of the common-law duty to provide a reasonably safe place for business invitees. Plaintiff has joined both defendants in one action in an effort to recover against either or both defendants in accordance with the facts as they may develop at trial.

If these alternative causes of action had been brought separately, it is clear that this court would have jurisdiction in an action against the railroad under the provisions of the Federal Employers' Liability Act. Philadelphia & R. R. Co. v. Berman, 3 Cir., 295 F. 658. However, a separate action against defendant Hofkin would have been subject to dismissal for lack of jurisdiction. It is not alleged that Hofkin is a common carrier engaged in interstate commerce and that plaintiff is an employee of Hofkin. Thus the suit against Hofkin would not have come within the jurisdictional scope of the Federal Employers' Liability Act. Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205; Norfolk & W. R. Co. v. Hall, 4 Cir., 49 F.2d 692. Further, there would have been no jurisdiction on the ground of diversity of citizenship in a separate action against Hofkin since both plaintiff and defendant are citizens of the same state. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435; Osthaus v. Button, 3 Cir., 70 F.2d 392.

Conceding that this court would have no jurisdiction in an independent suit against defendant Hofkin, plaintiff contends that the joinder of Hofkin as a codefendant with the railroad cures the defect, i. e., that the jurisdiction granted by the Federal Employers' Liability Act with regard to defendant railroad is sufficient to sustain jurisdiction as to codefendant Hofkin. Plaintiff contends that once this court has acquired jurisdiction by virtue of the Federal Employers' Liability Act, it has jurisdiction for all purposes and may retain jurisdiction as to a codefendant who does not come within the purview of that Act even though the codefendant and plaintiff are citizens of the same state.

A federal court, having acquired jurisdiction by reason of a substantial federal question involved, has "the right to decide all the questions in the case, even though it decided the Federal questions adversely to the party raising them, or even if it omitted to decide them at all, but decided the case on local or state questions only." Siler v. Louisville & Nashville R. Co., 213 U.S. 175, 191, 29 S.Ct. 451, 455, 53 L.Ed. 753. This broad statement of the law has been qualified and limited by the Supreme Court in Hurn v. Oursler, 289 U. S. 238, at page 245, 53 S.Ct. 586, at page 589, 77 L.Ed. 1148, where the court said "But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground;* in the latter it may not do so upon the nonfederal *cause of action.*"

The instant case falls into the second category. Plaintiff has joined two distinct causes of action against alternative defendants arising out of a single occur-

---

[2] Act of April 22, 1908, c. 149, § 1, 35 Stat. 65, as last amended August 11, 1939, c. 685, § 1, 53 Stat. 1404, 45 U.S. C.A. § 51.

[3] Act of March 2, 1893, c. 196, § 1 et seq., 27 Stat. 531, 45 U.S.C.A. §§ 1–23.

rence. Under the law of Hurn v. Oursler, the federal question sustaining jurisdiction as against the railroad will not in itself sustain jurisdiction as to the independent and alternative cause of action against the co-defendant Hofkin. It is true that plaintiff may join defendants in the alternative under Rule 20 of the procedural rules. National Surety Corporation v. City of Allentown, D.C.E.D.Pa., 27 F.Supp. 515. But a procedural rule permitting joinder of defendants cannot be used to extend the jurisdiction of this court. There still must be ground for federal jurisdiction as to each cause of action. Fechheimer Bros. Co. v. Barnwasser, D.C.Ky., 3 F.R.D. 394; Hastings v. Chrysler Corporation, D.C.E. D.N.Y., 3 F.R.D. 274; Diepen v. Fernow, D.C.W.D.Mich., 1 F.R.D. 378.

I turn now to the second argument in support of jurisdiction advanced by plaintiff. Plaintiff contends that defendant Hofkin is not a necessary party to this action and that the action could have been brought against the railroad alone with proper jurisdiction in this court. If suit was brought against the railroad as sole defendant, the railroad would have brought in defendant Hofkin as a third-party defendant under Rule 14(a) as a party liable over to it on the basis of an indemnification agreement between the railroad and Hofkin. The third-party action would be ancillary to the suit against the railroad and would not need independent jurisdiction. Plaintiff then makes the ingenious argument that, in bringing suit against the railroad and Hofkin as codefendants, he has avoided the circuitous procedure whereby plaintiff would first bring suit against the railroad alone, the railroad then bringing a third-party action against Hofkin, and plaintiff then amending his complaint to assert a cause of action against the third-party defendant.

In making this argument plaintiff ignores certain basic principles applicable to third-party actions. Clearly, if the railroad was the sole defendant, it could have brought a third-party action against Hofkin based on the indemnity agreement between the railroad and Hofkin. Watkins v. Baltimore & O. R. Co., D.C.W.D.Pa.,

29 F.Supp. 700. It then would not avail Hofkin that plaintiff, defendant and third-party defendant were all citizens of the same state since the third-party action will be ancillary to the cause of action between plaintiff and the railroad. The court's jurisdiction over the main action, based on the Federal Employers' Liability Act, would sustain the third-party action between the railroad and Hofkin notwithstanding the lack of diversity of citizenship between plaintiff and Hofkin or between the railroad and Hofkin. Sklar v. Hayes, D.C.E. D.Pa., 1 F.R.D. 415; Crum v. Appalachian Electric Power Co., D.C.S.D.W.Va., 27 F. Supp. 138; Bossard v. McGwinn, D.C.W. D.Pa., 27 F.Supp. 412; Tullgren v. Jasper, D.C.Md., 27 F.Supp. 413.

However, plaintiff would not be permitted to file a complaint against third-party defendant Hofkin unless independent jurisdiction was present as between plaintiff and third-party defendant. Hoskie v. Prudential Ins. Co. of America, D.C.E.D.N.Y., 39 F.Supp. 305; Herrington v. Jones, D.C.E. D.La., 2 F.R.D. 108; Johnson v. G. J. Sherrard Co., D.C.Mass., 2 F.R.D. 164; Thompson v. Cranston, D.C.W.D.N.Y., 2 F.R.D. 270. Rule 14(a) of the procedural rules provides, inter alia: "The plaintiff may amend his pleadings to assert against the third-party defendant any claim *which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant.*" (Italics supplied.) As has been pointed out above, plaintiff could not sustain an original action against Hofkin as joint defendant. Therefore, under the provisions of this rule, plaintiff could not assert his cause of action against Hofkin as third-party defendant.

Plaintiff's argument that, in bringing the action against the railroad and Hofkin as codefendants, he is avoiding circuity and doing nothing more than would be permitted in an action against the railroad alone accompanied by a third-party complaint rests on the fallacious assumption that he would have been permitted to assert a complaint, sounding in tort, against the third-party defendant. This court would have no jurisdiction over an action by plaintiff against Hofkin as third-party

defendant, nor does it have jurisdiction in an action by plaintiff against Hofkin as codefendant.

Accordingly, it is ordered that the action against Esther Hofkin, individually and trading as Penn Galvanizing Company, is hereby dismissed without prejudice for want of jurisdiction. Plaintiff is granted leave to amend his complaint to allege a separate cause of action against Pennsylvania Railroad Company.

