SHEPPARD v. ATLANTIC STATES GAS CO. OF PENNSYLVANIA, Inc. (PENNSYLVANIA R. CO., et al., Third-Party Defendants).

No. 9515.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 3, 1948.

Decided April 19, 1948.

J. B. Martin, of Philadelphia, Pa., for appellant.

J. Peter Williams and Philip Price, both of Philadelphia, Pa. (Barnes, Dechert, Price, Smith & Clark, of Philadelphia, Pa., on the brief), for appellee Pennsylvania R. Co.

Richter, Lord & Farage, of Philadelphia, Pa., for amici curiae.

Norman H. Abrahamson and Albert M. Hankin, both of Philadelphia, Pa. (Meyer, Lasch, Hankin & Poul, of Philadelphia, Pa., on the brief), for appellee James A. Taylor.

Before GOODRICH, McLAUGHLIN, and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

John W. Sheppard the original plaintiff in this litigation, as a resident and citizen of Pennsylvania, sued Atlantic States Gas Company of Pennsylvania, a Delaware corporation, in the court below on a personal injury claim arising out of the collision of the automobile in which he was riding as a passenger and the automobile truck of the defendant in Pennsylvania on January 24, 1945.

Defendant answered denying liability. Its third separate defense stated that plaintiff's alleged injuries were caused by the negligent operation of the motor vehicle in which he was riding, which was being operated by the Pennsylvania Railroad Company through its employee, James A. Taylor. The fourth defense was that following said accident and in connection therewith, plaintiff, in consideration of $7500 gave the Pennsylvania Railroad a covenant not to sue. Atlantic States, as a third party plaintiff, then filed a complaint in the cause bringing in the railroad and Taylor as additional defendants. In that complaint it was reiterated that at the time of the accident the Taylor automobile was being operated by Taylor as an employee of the railroad and on the business of the latter. The third party defendants were charged with being solely to blame for the accident, or, in the alternative, jointly responsible with Atlantic and judgment for contribution was demanded.

Thereafter Taylor sought to dismiss the third party complaint as to him on the grounds of, (1) no diversity of citizenship between him and the plaintiff; and (2) improper service of process upon him. The railroad moved to vacate the order bringing it in as a third party defendant and to dismiss the third party complaint as against it on the ground that plaintiff in consideration of $7500 paid him by the railroad executed a covenant not to sue in its favor covering any damages to him arising out of the January 24, 1945 accident. The covenant, verified by an affidavit, was attached as an exhibit and said to be "a complete bar to any recovery by the plaintiff, or by the defendant in this action, from the Pennsylvania Railroad Company." Taylor later filed another motion to dismiss the third

party complaint as to him. This time he set up no diversity as before and two new grounds, first, that the venue was improperly laid, and second, that the covenant not to sue enures to his benefit "because he was and still is, an employee of the Pennsylvania Railroad Company." A copy of the covenant was also attached to this motion of Taylor's and by its terms Sheppard included the railroad's "officers, servants, *or employees*" in his agreement not to sue. (Emphasis ours.) The railroad on May 20, 1946 presented additional reasons for granting its motion to dismiss. These were substantially that there was no diversity of citizenship between it and Sheppard, the original plaintiff.

■ The District Judge held correctly that the alternative allegation in the third party complaint that the third party defendants are solely liable to the plaintiff is surplusage.[1] He further concluded that if, as Atlantic alleges, it and the railroad are joint tort feasors, plaintiff's covenant not to sue the railroad "would also bar recovery by him from Atlantic States Gas Company, and therefore the latter would have no basis for a demand for contribution from the Pennsylvania Railroad Company." He therefore dismissed the third party complaint as to the railroad. Holding that Taylor was entitled to the benefits of the covenant as an employee of the railroad he also dismissed the third party complaint against him. The original defendant, Atlantic States Gas Company, appeals from the order of dismissal and counsel for the original plaintiff, Sheppard, appear in this appeal as amici curiae.

Sheppard was not a party to the motions below to dismiss the third party complaint though he did file a brief in his role of amicus. At no time to date has he conceded the validity of the covenant not to sue. His complaint was the not unusual one in a tort action of a passenger in one automobile suing the owner and operator of the other involved in the particular collision. The fourth separate defense of the answer made the first reference in the litigation to the covenant[2] and it was the motion of the railroad, followed by Taylor's second motion, that urged the covenant as dispositive of plaintiff's rights arising out of the accident. Plaintiff asserts that those motions disregard the intent of the covenant as evidenced by its plain language. Plaintiff further contends that under the facts of the accident the covenant is to be construed in the light of federal law and not under the law of Pennsylvania as it was by the district judge. He says that if he is wrong in this and if it should develop that the law of Pennsylvania governs then he will contend that the covenant was obtained by fraud and misrepresentation.

In any event at this stage of the proceedings while he has not as yet been required to admit or deny the covenant[3] he does deny its validity as a release. And he is

---

[1] The court said regarding this: " * * * if it be true that the third-party defendant are solely liable to the original plaintiff, that fact will afford no basis for a judgment against the third-party defendants in favor of the original defendant, and, furthermore, the original plaintiff has not amended his complaint to assert a claim against the third-party defendants."

[2] The fourth separate defense of Atlantic States Gas Company answer reads as follows:

"Plaintiff at a time unknown to the defendant but subsequent to the date of the alleged accident gave to the Pennsylvania Railroad Company, heretofore added as a Third Party defendant to this action a certain instrument in writing wherein the plaintiff covenanted not to sue or assert any claim against the Pennsylvania Railroad Company in connection with the alleged accident, and the Pennsylvania Railroad Company paid to the plaintiff the sum of Seventy-five Hundred ($7500.00) Dollars as consideration for said instrument in writing. As alleged in the Complaint to join the Pennsylvania Railroad Company in this action the accident in question in which the plaintiff was allegibly [sic] injured was due to the negligence of the Pennsylvania Railroad Company."

[3] 7(a) of the Federal Rules of Civil Procedure provides as follows:

"(a) Pleadings. There shall be a complaint and an answer; and there shall be a reply, if the answer contains a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. No

entitled to take that position. He had no control over the inception of the third party action and was not joined in the motion to dismiss it. If during the trial there should be evidence, as is pleaded, that at the time and place of the accident Sheppard and Taylor were employees of and on the business of the railroad, the question of whether the Federal Employer's Liability Act governs the construction of the covenant not to sue may become important. If under the then existing situation it should be held that federal law does not control, the problem of whether there was fraud and misrepresentation in obtaining the executed document could be a vital issue. As the matter now stands, depending to some extent on what the trial proofs show, Sheppard may well be foreclosed from recovering in his suit against Atlantic by the order of the district court. Thus his claim will have been affected adversely by a decision on what was in relation to him an ex parte motion, without opportunity afforded him of contraverting the contentions of the third party defendants.

■ Strictly speaking at this time even the assumption of the existence of the paper called the covenant not to sue is incorrect, for, though it is attached to the railroad's motion together with an affidavit from the railroad district claim agent saying that he witnessed Sheppard's signature to it, those papers are in a collateral matter to which plaintiff is not a party and in which there is no admission by him of the authenticity of the covenant. For us now to attempt to pass upon questions which may hereafter arise in the litigation, especially at the trial, would be a futile thing as it is impossible to foretell with any accuracy just what those questions will be. Generally it can be said that in all probability disputed issues of fact and of law will develop, particularly from the covenant feature of the suit. It follows that since the covenant has not been admitted by the plaintiff and since in addition it is an affirmative defense which must be proved, McFadden v. May, 325 Pa. 145, 153, 189 A. 483, the dismissal of the third party complaint because of the covenant is premature.

The railroad and Taylor also moved to dismiss the third party complaint on the ground that no diversity of citizenship existed between them and the plaintiff, Sheppard. The latter makes no claim against either the railroad or Taylor. They are brought into the litigation as third party defendants by the original defendant in its capacity as third party plaintiff, under Rule 14(a) of the Federal Rules of Civil Procedure.[4] The basis of the third party claim is the assertion by the defendant of its alleged right of contribution against the third party defendants in accordance with the law of Pennsylvania[5] which is controlling

---

other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." 28 U.S.C.A. following section 723c.

[4] Rule 14(a) of the Federal Rules of Civil Procedure reads as follows:

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant." 28 U.S.C.A. following section 723c.

[5] Goldman v. Mitchell–Fletcher Co., 292 Pa. 354, 141 A. 231; Pennsylvania Act of June 24, 1939, P.L. 1075, 12 P.S. Section 2081.

in this respect. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Rule 82 of the Federal Rules does provide that "These rules shall not be construed to extend * * * the jurisdiction of the district courts of the United States." However, in connection with this fundamental doctrine it is to be remembered that the type of third party suit under consideration is ancillary to the main action and presupposes that the latter has met the jurisdictional diversity requirements. Williams v. Keyes, 5 Cir., 125 F.2d 208, certiorari denied 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768, and see cases collected 1 Moore's Federal Practice 1947 Supplement 378. Therefore, at least within the present facts where the plaintiff seeks no recovery against the third party defendants, we think the inclusion of the third party claim is justified though it does not of itself meet the diversity test. We base this not on any theory of extension of jurisdiction but in order to effectively dispose of the entire related litigation in the suit which is already properly before the court and thus carry out the purpose of Rule 14. 1 Moore's Federal Practice 782. "Obviously a mere broadening of the content of a single federal action must not be confused with the extension of federal power". Lesnik v. Public Industrials Corporation, 2 Cir., 144 F.2d 968, 973.

The particular point now raised has not been specifically before us previously but there was interesting favorable dicta regarding it in the opinion of the district court in Pearce v. Pennsylvania R. Co., D. C., 7 F.R.D. 420, 423, affirmed by this court 1947, 3 Cir., 162 F.2d 524, which case is urged by appellees as supporting their position. In that matter a Pennsylvania resident employed by the defendant, a corporation of Pennsylvania, sued the latter in the Federal Court under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. To that suit he joined a cause of action against one Hofkin, also a Pennsylvania resident. The dismissal of the Hofkin action by the district court because of no diversity of citizenship between the plaintiff and Hofkin was sustained on appeal. The district court said in its opinion, 7 F.R.D. at page 423:

"Clearly, if the railroad was the sole defendant, it could have brought a third-party action against Hofkin based on the indemnity agreement between the railroad and Hofkin. Watkins v. Baltimore & O. R. Co., D.C.W.D. Pa., 29 F.Supp. 700. It then would not avail Hofkin that plaintiff, defendant and third-party defendant were all citizens of the same state since the third-party action will be ancillary to the cause of action between plaintiff and the railroad. The court's jurisdiction over the main action, based on the Federal Employers' Liability Act, would sustain the third-party action between the railroad and Hofkin notwithstanding the lack of diversity of citizenship between plaintiff and Hofkin or between the railroad and Hofkin."

Though that comment was not referred to in the affirming opinion it is in accord with a number of district court decisions within this circuit on similar facts. Bossard v. McGwinn, W.D. Pa., 27 F.Supp. 412; Kravas v. Great Atlantic & Pacific Tea Co., W.D. Pa., 28 F.Supp. 66; Sklar v. Hayes, E.D. Pa., 1 F.R.D. 415; Sussan v. Strasser, E.D. Pa., 36 F.Supp. 266; Metzger v. Breeze Corporation, D.C.N.J., 37 F.Supp. 693; Price v. Maryland Casualty Co., D.C. N.J., 6 Fed.Rules Service 14 a 11 Case 2; Satink v. Holland Township, D.C.N.J., 28 F.Supp. 67, 71. See also Myer v. Lyford, M.D.Pa., 2 F.R.D. 507.

Neither Osthaus v. Button, 3 Cir., 1934, 70 F.2d 392 cited with approval in the Pearce opinion, Pearce v. Pennsylvania R. Co., 3 Cir., 162 F.2d 524, 528, nor McDonald v. Dykes, E.D.Pa., 6 F.R.D. 569, affirmed per curiam 3 Cir., 163 F.2d 828, are contrary to this view. Both those decisions go no further than to hold that where the *plaintiff* asserts a cause of action against the third party, diversity must exist between them. In Osthaus, decided long prior to the enactment of the Federal Rules, New York residents, precluded from directly suing a New York corporation in a federal court, tried indirectly to sue the latter by suing a non resident who under the Penn-

sylvania Scire Facias Act[6] sought to bring in the corporation as jointly liable. The court held, 70 F.2d at page 394, "Since the plaintiffs in the instant case cannot directly initiate suit against the additional defendant in a federal court because there is no diversity of citizenship shown, they cannot indirectly pursue such an action." And in McDonald v. Dykes we recently affirmed the district court in making the same sort of distinction under Rule 14(a). There, after a third party had been brought into a litigation, plaintiff amended his complaint making the third party a defendant thereto and asking recovery against him. The district court held that under the particular facts the diversity requirements as between the plaintiff and the third party must be satisfied because in effect the third party action had been supplanted by the plaintiff's original action as amended. And see Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778; certiorari denied 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635; Baltimore & O. R. Co., v. Saunders, 4 Cir., 159 F.2d 481. Cf. Moncrief v. Pennsylvania R. Co., E.D. Pa., 73 F.Supp. 815.

Lastly it is argued that the venue was improperly laid with respect to the defendant Taylor. The third party complaint has the defendant Atlantic States, a Delaware corporation, as plaintiff. Pennsylvania Railroad the first third party defendant is a corporation of the state of Pennsylvania rightfully suable in the Eastern District of that state.[7] Taylor, the other third party defendant, is resident of the Middle District of Pennsylvania.

With the jurisdictional phase of this matter disposed of, the question of venue on the facts before us presents no difficulty. Section 52 of the Judicial Code provides that "if there are two or more defendants, residing in different districts of the State * * * [suit] may be brought in either district * * *."[8] Contrary to the contention of appellee Taylor, an original action by Atlantic States against the two third party defendants could have been commenced in the Eastern District of Pennsylvania with service on Taylor by a duplicate writ directed to the Marshal of the Middle District in accordance with the procedure provided for in Section 52. Process in this suit was actually served on Taylor in that manner. See Suttle v. Reich Bros. Const. Co. et al., 68 S.Ct. 587.

The order of the District Court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

KALODNER, Circuit Judge, concurs in the result.

---

[6] Act of April 10, 1929, P.L. 479 as amended by the Act of June 22, 1931, P. L. 663, 12 P.S. § 141.

[7] Galveston, etc. Railway v. Gonzales, 151 U.S. 496, 504, 14 S.Ct. 401, 38 L.Ed. 248; London v. Norfolk & W. R. Co., 4 Cir., 111 F.2d 127; Firestone Tire & R. Co. v. Vehicle Equipment Co., 2 Cir., 155 F. 676.

[8] R.S. § 740, 36 Stat. 1101, § 52, 28 U.S. C.A. § 113. The section in its entirety follows: "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides. The clerk issuing the duplicate writ shall indorse thereon that it is a true copy of a writ sued out of the court of the proper district; and such original and duplicate writs, when executed and returned into the office from which they issue, shall constitute and be proceeded on as one suit; and upon any judgment or decree rendered therein, execution may be issued, directed to the marshal of any district in the same State."