## Brumberg v. Rettig

*Siegal, Stein & Harris*, for plaintiff.

*J. J. McDevitt, 3rd* and *Max E. Cohen*, for defendants.

McCLANAGHAN, J., November 28, 1960.—This is an automobile accident case in which defendant, Rettig, moved for judgment on the pleadings on the ground that the judgment in a prior action in the Federal court involving the same accident was a bar to the present matter before us.

The accident happened on August 14, 1957, when two automobiles driven by Brumberg and Rettig, respectively, collided. Ryan, a passenger in Rettig's car

suffered personal injuries. Ryan started suit against Brumberg in the United States District Court for the Eastern District of Pennsylvania on October 8, 1957. Brumberg joined Rettig as a third-party defendant in the Federal court suit. The Federal court action ended after trial on January 28, 1960, with a verdict for Ryan, the passenger, against Brumberg, and with a verdict in favor of Rettig and against Brumberg on the third-party complaint.

About two months after the Federal court action was instituted, and while it was pending, Brumberg, plaintiff in the present case, commenced this action for personal injuries against Rettig, defendant in the present case, in our State courts. To this action Rettig raises the defense of res judicata.

If the first litigation in this matter, involving Ryan, Brumberg and Rettig, had taken place in the State courts rather than in the Federal court, we would have no doubt that the principle against splitting a cause of action would apply, and that the later action by Brumberg against Rettig would be barred: Simodejka v. Williams, 360 Pa. 332 (1948). However, it appears equally clear to us that the Federal Rules of Civil Procedure, which governed the first litigation, made it impossible for plaintiff here, Brumberg, to litigate his personal injuries claim against Rettig in that Federal court action. For this reason, as the Simodejka case makes clear, Brumberg is free to claim for personal injuries in a separate action.

The holding of the Simodejka case, as the court there stated, "depends on the construction of Rule 2255 of our [Pennsylvania] Rules of Civil Procedure." That rule provides:

"(a) The procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant."

The Simodejka case involved a suit by M, plaintiff-driver of an automobile, against W, defendant-driver of another automobile, for personal injuries arising out of an automobile accident. G was the owner of M's car; B was a passenger in W's car. There had been two prior actions. G had sued W in the State court for damage to his automobile, and W brought in M as an additional defendant in that case. In a second action, B· had sued M in the State court for personal injuries, and M brought in W as additional defendant. In both of these actions, there were verdicts for plaintiffs against both defendants. Therefore, since, under the Pennsylvania Rules of Civil Procedure, M *could have* and *should have* asserted his claim for personal injuries against W in the two prior actions, the court held that M's failure to assert his claim for personal injuries in accordance with rule 2255 ($a$) of the Pennsylvania Rules of Civil Procedure barred M from prosecuting a separate action for his personal injuries against W after the two prior cases had been decided.

The court's reasoning in the Simodejka case was as follows:

"If one of the elements of Michael's cause of action against Williams was a right to recover for personal injury, Michael should have claimed for it in his complaint against Williams as additional defendant and also in his reply to Williams's complaint; he may not split his cause of action, i.e., Williams's negligent driving, into two parts and bring two suits and get contribution in one and personal injury damages in another suit; Fields v. Philadelphia Rapid Transit Co., supra. The purpose of the rule, as has been stated, was to prevent such multiplicity of suits; Michael's right to personal injury damages should have been tried with the other rights resulting from the collision. Not having chosen to claim all his damages in the prior action the omitted element became merged in the judgment. . . ."

Thus, it is clear that the reason for the court's holding in the Simodejka case was that M and W had, in the two prior cases, stood in the adverse relation of plaintiff and defendant and, therefore, M could have asserted his claim for personal injuries against W as provided in rule 2255. The court distinguished the case of Jordan v. Chambers, 226 Pa. 573 (1910), on the ground that the parties there did not, as between themselves, stand in the adverse relation of plaintiff and defendant as rule 2255 required M and W to stand. The court also distinguished cases from other jurisdictions on the ground that defendants there, under the local rules, were not adverse to each other as M and W were adverse parties pursuant to rule 2255.

The crucial point in this case is that, under rule 14 of the Federal Rules of Civil Procedure, Brumberg, in the Federal litigation, could not have asserted his claims for personal injuries against the driver of the other vehicle, Rettig. The only claims which Brumberg could have asserted against Rettig in the prior Federal litigation were claims for indemnification, which he did assert. Rule 14 permits an original defendant to bring into the action a third-party defendant. The third-party defendant, under rule 14, must be *"a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."* (Italics supplied.)

There is no provision in the Federal rules similar to Pennsylvania rule 2255. The Federal rules, the cases interpreting the Federal rules, and the commentators are clear that Brumberg could not have claimed for his personal injuries against Rettig in the Federal case. See vol. 3, Moore's Federal Practice, pages 419, 423. Under the circumstances, Brumberg did not split his cause of action.

Section 62 of the Restatement of Judgments governs our situation:

"Where a judgment is rendered, whether in favor of the plaintiff or the defendant, which precludes the plaintiff from thereafter maintaining an action upon the original cause of action, he cannot maintain an action upon any part of the original cause of action, although that part of the cause of action was not litigated in the original action, except

"(a) where the procedure adopted by the plaintiff precluded his recovery for the entire claim and this procedure was essential to preserving his rights, or

"(b) where the defendant's fraud or misrepresentation prevented the plaintiff from including the entire claim in the original action, or

"(c) where the defendant consented to the splitting of the plaintiff's cause of action."

Subsection (a) of this rule is applicable here because Brumberg was precluded from litigating his entire claim under the Federal Rules of Civil Procedure. For this reason, we need not decide whether subsection (c) also applies on grounds that Rettig did not object in either the Federal suit or in the early stages of the State suit that two causes of action were pending at the same time.

Since the issues in this case could not have been adjudicated in the Federal court action, the verdict and judgment in the Federal court action do not bar the present claim. See section 82 of the Restatement of Judgments. In comment (a) of that section, the restatement provides:

"The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves."

Our holding is that Brumberg did not have the opportunity of litigating his claim against Rettig in the Federal court because of the specific provisions of the

Federal Rules of Civil Procedure. Counsel points out to us that the Federal court action was handled for Brumberg by his insurance company, and he did not even have knowledge that the attorneys for his insurance company were bringing in Rettig as a third-party defendant, but we do not consider this point to be dispositive, in view of the clear provisions of the Federal rules.

Defendant in this action in effect concedes that Brumberg could not have litigated his claims against Rettig in the Federal case, but he argues that Brumberg should have started a separate action against Rettig in the Federal courts. This begs the question before us. The question before us is whether Brumberg was required to assert his claims in the original Federal court litigation, and whether his failure to do so was a splitting of his cause of action which would bar him later. We hold, for the reasons stated above, that Brumberg did not split his cause of action. Moreover, another difficulty with defendant's position that Brumberg should have started a separate action in the Federal court is that there is a question of fact as to whether diversity of citizenship existed between Brumberg and Rettig, which diversity would have been necessary to confer jurisdiction in an action in the Federal courts between them. At the bar of this court, counsel took opposing factual positions on the issue of whether Brumberg and Rettig were citizens of different states. It is obvious that we are not in a position to resolve this factual question on a motion for judgment on the pleadings. While it would not be necessary to have diversity of citizenship to support the ancillary contribution claim Brumberg made against Rettig in the original Federal action, diversity of citizenship would, of course, have been necessary for Brumberg to assert his personal injuries claim against Rettig in a separate Federal court case: Sheppard v. Atlantic State Gas Co., 167 F. 2d 841 (C. C. A. 3, 1948).

For the foregoing reasons, defendant's motion for judgment on the pleadings was denied.