Alvin H. FRANKEL, Administrator of the Estate of Emery Koszoru,

v.

ALAN WOOD STEEL COMPANY and United Engineers and Constructors, Inc.,

v.

W. V. PANGBORNE AND COMPANY, Inc.,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 126.

Civ. A. No. 29083.

United States District Court E. D. Pennsylvania.

Jan. 31, 1962.

Freedman, Landy & Lorry, by Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for W. V. Pangborne & Co., Inc.

WOOD, District Judge.

The plaintiff instituted the above civil action against two defendants, Alan Wood Steel Company and United Engineers and Constructors, Inc. The complaint alleges that plaintiff's decedent was killed as a result of the negligence of defendants during the course of decedent's employment as an electrician. Allegedly, he was performing services on equipment which was being installed on the premises of defendant Alan Wood Steel Company when decedent came into contact with certain equipment carrying a high current of electricity.

Defendants joined W. V. Pangborne and Company, Inc., plaintiff's decedent's employer, as a third-party defendant. The third-party defendant, W. V. Pangborne and Company, Inc., now seeks to join the International Brotherhood of Electrical Workers, Local No. 126, the de-

cedent's union, as a fourth-party defendant, alleging that the union was in control of the working conditions and equipment at the time of the accident.

The plaintiff has strenuously opposed this motion on the following grounds:

1. The necessary diversity of citizenship between the third-party plaintiff and the union is lacking;

2. A union is not liable for the negligence of its members who are not acting within the scope of accepted union activities;

3. The union in fact had no control over the working conditions; and

4. Bringing the union into the suit would prejudice the plaintiff's position in the case.

We think that none of these arguments except the last are properly considered by a Court in deciding whether a third or fourth-party defendant may be brought into a suit. With regard to the argument of prejudice to the plaintiff, no facts have been presented which convince us that any such prejudice would exist by virtue of the union being a fourth-party defendant.

Technically, the argument of lack of the Court's jurisdiction over the suit between Pangborne and the Union may be premature. Nevertheless, we have considered this contention and find it to be without merit. Although it is true that in order to establish diversity of citizenship, the citizenship of all of the members of a union must be pleaded [1] and shown to be diverse from the adverse party, in the case of third-party actions it is not necessary to establish an independent basis of Federal Courts' jurisdiction.[2] Since the doctrine of ancillary jurisdiction is applicable here, the diversity established by the principal suit supports the third-party action between Pangborne and the Union.

1. Underwood v. Maloney, 256 F.2d 334 (3 Cir. 1958).

## ORDER

And now, to wit, this 31st day of January; 1962, IT IS HEREBY ORDERED that the motion of the third-party defendant, W. V. Pangborne and Company, Inc., to implead Local No. 126 of the International Brotherhood of Electrical Workers as fourth-party defendant is granted.

2. Sheppard v. Atlantic States Gas Co. of Pa., 167 F.2d 841 (3 Cir. 1948); and Dery v. Wyer, 265 F.2d 804 (2 Cir. 1959).