**In re ALBERT & MAGUIRE SECURITIES CO., INC., Debtor.**

**Donald M. COLLINS, Trustee, Plaintiff,**

v.

**Warren FREEDMAN, Defendant and Third-Party Plaintiff,**

v.

**Robert M. MAGUIRE et al., Third-Party Defendants.**

**Civ. A. No. 75–1184.**

United States District Court, E. D. Pennsylvania.

Feb. 12, 1976.

Donald M. Collins, Donald J. Martin, Philadelphia, Pa., for plaintiff.

Roger B. Wood, Philadelphia, Pa., for Freedman.

Pace Reich, Philadelphia, Pa., for Albert.

### MEMORANDUM

GORBEY, District Judge.

This action in which jurisdiction is based on diversity of citizenship and the requisite amount in controversy has been brought by Donald M. Collins, Trustee of Albert & Maguire Securities Co., Inc. against Warren Freedman, an accountant, for negligence and professional malpractice in the course of rendering services as an accountant to the debtor. The defendant, Freedman, has filed a third-party complaint against three corporations and five (5) individuals, the latter including Joseph Albert, in which he alleges that these persons are liable to him for contribution or indemnity in the event that plaintiff obtained a judgment against him, because he reasonably relied on false bookkeeping entries made by the third-party defendants.

Third-party defendant Joseph Albert has filed a motion to dismiss plaintiff's complaint and the complaint of the third-party plaintiff, Warren Freedman, basing the motion on the contention that the third-party defendant Joseph Albert is an indispensable party defendant, therefore is required to be joined as such pursuant to Federal Rule of Civil Procedure 19. Since plaintiff and third-party defendant are each citizens of Pennsylvania, such joinder would result in a lack of diversity of citizenship which would require the dismissal of Joseph Albert from this action.

The fact that a third-party defendant is a citizen of the same state as the plaintiff does not defeat jurisdiction where there is a diversity of citizenship between plaintiff and defendant, since an independent basis of jurisdiction is not necessary to support a third-party proceeding under Rule 14 of the Federal Rules of Civil Procedure. *Ross v. Smith,* 315 F.Supp. 1064 (E.D.Ark.1970); *Smith v. Whitmore,* 270 F.2d 741 (3d Cir. 1959); *Sheppard v. Atlantic States Gas Co. of Pa.,* 167 F.2d 841 (3d Cir. 1948); *Stemler v. Burke,* 344 F.2d 393 (6th Cir. 1965); *Schwab v. Erie Lackawana R.R. Co.,* 438 F.2d 62 (3d Cir. 1971); *Chestnut Run F.C.U. v. Employers M.L.I. of Wis.,* 392 F.Supp. 76 (D.Del.1975); 3 Moore's Federal Practice, § 14.26. Since diversity jurisdiction of the district court is not destroyed by the lack of diversity between plaintiff and third-party defendant, the motion to dismiss must be denied unless Joseph Albert is an indispensable party defendant required to be joined as such pursuant to Rule 19 of the Federal Rules of Civil Procedure.

The inaccuracy of the statement made by counsel for movant that a third-party defendant cannot be impleaded under Rule 14(a) where the third-party defendant may be liable to the plaintiff, is conclusively established by simply reading the Rule. After providing that:

"At any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him,"

the Rule goes on to state that:

"The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 . ."

The case, *Osthaus v. Button,* 70 F.2d 392 (3d Cir. 1934) cited as authority in support of movant's contention, was decided prior to the adoption of the Federal Rules. The reasons for the decision are consistent, however, with cases under the Rule which hold that a plaintiff in a diversity case can make a claim directly against the third-party defendant only if the necessary diversity of citizenship exists between the plaintiff and third-party defendant and the requisite jurisdictional amount is involved. *Sheppard v. Atlantic States Gas Co., supra; Corbi v. United States,* 298 F.Supp. 521 (W.D.Pa. 1969).

*Ayoub v. Helm's Express, Inc.,* 300 F.Supp. 473 (W.D.Pa.1969) does not support movant's contention. In that case there was diversity of citizenship between plaintiff and defendant. A third-party defendant was brought on the record by the original defendant. Plaintiff then moved to amend the complaint to include a cause of action against the third-party defendant. The motion was denied, the court saying:

"The great weight of authority requires that there be diversity of citizenship between such parties." Id. at 473.

Plaintiff in the case *sub judice* has not attempted to assert a direct claim against moving third-party defendant. *See also Mickelic v. United States Postal Service,* 367 F.Supp. 1036 (W.D.Pa.1973).

Reference has been made by defendant that the third-party complaint filed by him against Joseph Albert, a citizen of Pennsylvania, does not include a specific allegation that he, the third-party plaintiff, is a citizen of the State of New Jersey, and therefore requests leave to amend the third-party complaint so as to indicate affirmatively diversity of citizenship. Amendment is unnecessary in view of the fact that diversity of citizenship between defendant, as third-party plaintiff and the third-party defendant is not required. *Frankel v. Alan Wood Steel Co.,* 201 F.Supp. 203 (E.D.Pa. 1962); 3 Moore's Federal Practice, § 14.25, § 14.26.

The argument is made that Joseph Albert is an indispensable party de-

fendant under Rule 19 of the Federal Rules of Civil Procedure, but if he is brought on the record by either plaintiff or defendant as an indispensable party defendant, the jurisdiction of the court by reason of diversity of citizenship would be destroyed, since both plaintiff and Joseph Albert are citizens of Pennsylvania. This contention requires an analysis of the plaintiff's claim against defendant Freedman.

The claim of plaintiff against defendant, Warren Freedman, is for negligence and professional malpractice in the course of rendering services as an accountant to the debtor. Freedman's claim against Joseph Albert rests upon the allegation that if Freedman is liable to the plaintiff, the third-party defendants, including Joseph Albert, are liable to him for contribution or indemnity.

Third-party defendant, Joseph Albert, bases his claim that he is an indispensable party defendant on the argument that "a full adjudication of the claim against the defendant third-party plaintiff requires a determination by the court as to the liability of the third-party defendant to the plaintiff trustee." Stated differently, Joseph Albert is contending that the plaintiff's claim against defendant for malpractice cannot be determined unless and until the court determines whether plaintiff has a claim against Joseph Albert for breach of his fiduciary duty.

Whether movant is an indispensable party is to be determined by Rule 19 of the Federal Rules of Civil Procedure. Under Rule 19(a), a party is required to be joined if feasible if (1) in his absence complete relief cannot be accorded among those *already* parties. (Emphasis added). No one case holds that a malpractice action against defendant cannot be completely adjudicated without an adjudication of any claim which the plaintiff might have against third-party defendant for breach of his fiduciary duty. If it is determined that plaintiff has no valid claim against defendant, the complaint will be dismissed; if it is determined that plaintiff is entitled to a judgment against defendant, defendant can

pursue an action for indemnity or contribution as a third-party plaintiff, just as he could in a separate action had there been no third-party complaint against him. In the latter situation, he would not, of course, be bound by any factual determinations as to his conduct made in the case in which he was not a party.

The second situation under Rule 19(a) in which a party becomes indispensable is where the party claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest. Joseph Albert has claimed no interest relating to this subject matter of this action other than that a factual determination must be made with regard to the nature of his conduct. As previously shown, he would not be bound by those factual determinations if he were not a party to this action.

Movant will, therefore, be an indispensable party only if the third factor in the Rule is satisfied, i. e., if he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may leave any of the persons *already* parties to the action, (here the plaintiff and defendant, Warren Freedman) subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. No such liability or obligations have been averred with respect to either plaintiff or defendant.

The fact that the instant proceeding was severed from a proceeding in the Bankruptcy Court on the motion of defendant Warren Freedman and that there is now pending in the Court of Common Pleas of Montgomery County, Pennsylvania, a suit by the trustee against the movant with respect to the same subject matter as is the subject of the proceeding in the Bankruptcy Court, is irrelevant for a determination of the motion in this case for reasons which were well stated in the respective memoranda of law submitted by the plaintiff and the defendant.

It follows, therefore, that since Joseph Albert is not an indispensable party defendant, the motion to dismiss the original complaint and the third-party complaint must be denied.