**Agnes Katherine Rapers, Appellee, v. George A. Holmes and Marie Holmes, Appellants.**

**Gen. No. 39,485.**

Opinion filed October 19, 1937.

COOKE, SULLIVAN & RICKS, of Chicago, for appellants; D. Y. ERICKSON and CARL O. HOLMES, both of Chicago, of counsel.

JOSEPH KROOTH and ALFRED M. LOESER, both of Chicago, for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse a judgment for $300 entered in favor of plaintiff, Agnes Katherine Rapers, and against defendants, George A. and Marie Holmes,

upon the verdict of a jury in an action brought by plaintiff for personal injuries alleged to have been caused by the negligence of defendants in the operation of an automobile which collided with the car plaintiff was driving.

Plaintiff's second amended statement of claim alleged substantially that September 27, 1934, she owned an automobile which she was driving in a westerly direction on a highway known as route 6 in Marshall county, Indiana, about one-half a mile east of a highway known as route 31; that at said time and place defendant Marie Holmes was driving another automobile owned by defendant George A. Holmes, of which he was an occupant, in an easterly direction on said route 6; that defendants George A. and Marie Holmes negligently and carelessly operated their automobile so that it collided with plaintiff's car; that "the defendants were driving their automobile on the wrong side of the highway at an excessive speed, zigzagging and disregarding their respective duties for the safety of others"; that plaintiff was at all times in the exercise of due care and caution for her own safety; and that she suffered personal injuries resulting in damage to her of $200.

Defendants filed a joint and several statement of defense and a joint and several counterclaim, in which George A. Holmes acknowledged ownership of the car in which defendants were riding, admitted that the accident occurred at the time and place alleged by plaintiff and that Mrs. Holmes was driving at the time in an easterly direction. The statement of defense then denied that defendants were negligent in the management, operation and control "of their said automobile" and averred that plaintiff was proceeding at an excessive rate of speed and that had she "been travelling at a normal rate of speed she would not have collided with the automobile of defendants"; and

that such damage, if any, suffered by plaintiff was due to her own negligence rather than to any negligence on the part of defendants. Defendants' counterclaim set forth the damages suffered by them respectively.

The parties went to trial on plaintiff's second amended statement of claim and defendants' statement of defense and counterclaim. At the conclusion of the presentation of the evidence by both sides plaintiff was allowed to file, over defendants' objection, a third amended statement of claim which injected for the first time the element of damage to the automobile driven by plaintiff and increased the damages claimed from $200 to $1,000.

While the evidence is conflicting as to some of the incidents of the occurrence, it is undisputed that defendant George A. Holmes was the owner of the automobile which his wife, defendant Marie Holmes, was driving; that he was riding in the front seat, beside her to the right; that route 6 is a two lane east and west highway; that Marie Holmes was driving the car behind a school bus, going in an easterly direction in the eastbound traffic lane; that she turned into the westbound traffic lane from behind the bus to pass it; and that the Holmes car collided with the automobile which plaintiff was driving in a westerly direction in the westbound traffic lane.

There was ample evidence to justify the verdict as to the guilt of both defendants unless it can be said that it was not proved that Marie Holmes was the agent or servant of George A. Holmes in driving his automobile at the time of the accident. The rights and liabilities of the parties must be determined according to the law of Indiana where the accident occurred, and it is true that under the law of that State the mere ownership of the automobile by defendant George A. Holmes did not render him liable. It is also true

that the mere fact of the marital relation does not establish an agency between husband and wife.

It is insisted that the only evidence as to George A. Holmes was that he was the owner and an occupant of the automobile which his wife was driving and that the trial court therefore erred in not sustaining his motion for a directed verdict as to him. In *Willis v. Crays*, 84 Ind. App. 253, where the facts were almost identical and a similar contention made, the court said at pp. 255, 256: "It developed at the trial that the alleged agent was the husband of appellant. Both appellant and her husband testified that while the automobile belonged to appellant, she had loaned it to him for the trip on which he was going for business of his own, and that he had invited appellant to go with him. It has been decided by this court in *Smith v. Weaver, Admx.* (1919), 73 Ind. App. 350, 124 N. E. 503, in effect, that the mere ownership of an automobile by a wife and its operation by her husband at the time of an accident is not sufficient to charge her with the negligence of her husband in the absence of any showing that the automobile was at the time being operated in the course of her business or pleasure. In *Potts v. Pardee* (1917), 220 N. Y. 431, 116 N. E. 78, 8 A. L. R. 785, it was held that the fact that the automobile was owned by the defendant was *prima facie* evidence of her responsibility for the manner in which it was driven, but that such presumption remains only so long as there is not substantial evidence to the contrary. In *Roper v. Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96, it was held that the mere fact of marital relation does not establish an agency between husband and wife, but that such fact may be considered as a circumstance in determining the question of agency. The relation of principal and agent as between husband and wife may be shown by circumstantial evidence. *Lindquist v. Dickson*

(1906), 98 Minn. 369, 107 N. E. 958, 6 L. R. A. (N. S.) 729, 8 Ann. Cas. 1024; *Roper v. Cannel City Oil Co., supra; Martz v. Selig Dry Goods Co.* (1921), 76 Ind. App. 135.

"In the instant case, facts and circumstances which the jury was authorized to consider in determining the question of agency were that appellant was the owner of the automobile, and that she was the wife of the driver; that she was present at the time of the accident, and sitting beside him permitting him to drive at a high speed. . . . From these circumstances the jury inferred that appellant was at the time of the accident responsible for the operation of the car by her husband as her agent, and chargeable with the negligent operation resulting in appellee's injuries. It is true, as stated above, appellant and her husband testified that the car was being operated by the husband in the transaction of his own business, and that she was merely an invitee, but it is also true that the jury did not believe the statements of appellant and her husband as to the manner in which the accident occurred, and having discredited them in that testimony, the jury might, with equal propriety, not have accepted their testimony as to the question of agency. The jury had the opportunity of personal observation of the witnesses from which they could form some opinion of their character and intelligence, and the judge presiding at the trial had the same opportunity. He has refused to disturb the verdict upon the weight or insufficiency of the evidence to sustain it, and now with such evidence before us, but without the opportunity of personal observation, we will not reverse judgment of the trial court."

In the instant case facts and circumstances which the jury was authorized to consider in determining the question of agency were not only that Holmes was the owner of the automobile, that he was the husband of

the driver, and that he was present at the time of the accident, permitting her to drive the car as she did, but that Holmes, himself, had been doing the driving until he made a stop prior to the accident to purchase gasoline, ''when his wife sat over in the seat and drove the car.'' There was also evidence that Holmes told his wife to apply the brakes and that he actively participated in the operation of the automobile by ''pulling the wheel out of her hands, trying to correct her.'' From this evidence the jury was warranted not only in finding that the relation of agency existed but that Holmes was an active participant in the operation of the car. The motion to direct was properly denied.

It is urged that plaintiff failed to establish with the certainty required by law the elements of damage which the jury was permitted to consider and that the court erred in not excluding evidence offered by plaintiff as to the condition after the accident of the car which she was driving. Plaintiff's witnesses were entitled to testify as to the damaged condition of such car after the collision to show the force of the impact as well as the point or points of contact of the automobiles, so that the jury might be aided in determining the issues from the physical facts as well as from all the other facts and circumstances in evidence. The record does not include the instructions and there is nothing before us to even intimate that any damages for the injury to the car plaintiff drove were included in the amount awarded by the jury's verdict.

It is unnecessary to discuss defendants' contention concerning the impropriety of plaintiff's evidence that she ''spent over $500 or $600 on my medical attention,'' or its insufficiency to support an award of damages for money expended for medical services, except to say that, eliminating such testimony entirely from consideration, there was sufficient evidence as to her physical injuries and pain and suffering to warrant the verdict for $300 damages returned by the jury.

Other points are urged which we deem it unnecessary to discuss. The record is not free from error, but in our opinion substantial justice has been done between the parties and a retrial of this cause could only result in another verdict of guilt as to defendants. The judgment of the municipal court is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.