Edwin GEBOREK, Victoria Geborek, individually and as mother and next friend of Delores Geborek and Florence Geborek, minors and Mary Janusz,

v.

BRIGGS TRANSPORTATION COMPANY, a corporation, and Calhoun Sales, Inc., a corporation.

No. 55 C 841.

United States District Court
N. D. Illinois, E. D.

March 13, 1956.

M. F. Unger, Van Duzer, Gershon & Quinlan, Chicago, Ill., for plaintiffs.

L. H. Vogel, Chicago, Ill., for defendants.

LA BUY, District Judge.

The above action arises out of an automobile accident in which plaintiffs were injured and is based on diversity of citizenship and requisite jurisdictional amount. Apparently three vehicles were involved in the accident. Plaintiff has joined as defendants, the companies whose alleged agents, servants or employees operated the other two vehicles.

Calhoun Sales, Inc., alleged to be a Minnesota corporation, has filed a motion to quash the service of summons upon it. It had been served upon the Secretary of State of Illinois in the manner provided by § 20a of the Illinois Motor Vehicle Act, Chapter 95½, § 23, Smith Hurd Ann.Stats. The provisions of the Motor Vehicle Act permitting service of process by substituted service on a non-resident defendant by serving the Secretary of State applies only to actions or proceedings growing out of the use of the highways of the State of Illinois. Brauer Machine & Supply Co. v. Parkhill Truck Co., 1943, 383 Ill. 569, 581, 50 N.E.2d 836, 148 A.L.R. 1208. The complaint alleges that the motor vehicles involved were on the highways of the state of Wisconsin and the accident occurred in Wisconsin. It is obvious, therefore, that the action does not arise from the use and operation of a motor vehicle on the highways of Illinois. The motion to quash the substituted service upon the defendant, Calhoun Sales, Inc., by serving the Secretary of State pursuant to § 20a of the Illinois Motor Vehicle Act must be sustained.

The defendant, Briggs Transportation Company, has filed its answer to the complaint denying any negligence on its part; a counterclaim against the plaintiff driver, Edwin Geborek, alleging his negligence to be the proximate cause of the injuries; and another counterclaim against Edwin Geborek together with a cross-claim against Calhoun Sales, Inc. for property damage to its vehicle. Subsequently, it filed a third party complaint against Paul McCarthy alleging in Count I that he was operating a motor vehicle as agent and servant of Calhoun Sales in such a manner as to cause it to be driven into the rear of the tractor-trailer unit of Briggs causing such tractor-trailer to be pushed into the automobile driven by the plaintiff, Edwin

Geborek; that if upon trial it is found that Paul McCarthy was negligent as alleged, Briggs is entitled to contribution from Paul McCarthy; and, if a common liability to the plaintiffs is found prays judgment against Paul McCarthy for such contribution. Count II of said third party complaint asks recovery against Paul McCarthy for the damage and the required repairs to the tractor-trailer of the defendant, Briggs.

Defendant, Paul McCarthy, has filed a motion to dismiss the third party complaint for failure to state a claim and for lack of jurisdiction; to dismiss Count I on the ground that there is no contribution between joint tortfeasors and to dismiss Count II for the reason that it has no relation to the claim alleged in the plaintiff's original suit.

Under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., a defendant may file a third party complaint upon any person not a party to the action "who is or may be liable to him for all or part of the plaintiff's claim against him." It appears under the circumstances alleged in the pleadings that the original defendant, Briggs, and the third party defendant, Paul McCarthy, are joint tortfeasors.

■■ It is axiomatic that a federal court in a non-federal case must apply the law where the federal court is held, including its conflicts of law rule. With certain exceptions noted in Gulf, Mobile & Ohio R. Co. v. Arthur Dixon Transfer Co., 1951, 343 Ill.App. 148, 98 N.E.2d 783, the state of Illinois does not recognize the right of contribution between joint tortfeasors. The present facts do not come within any of the cited exceptions to that rule. However, Illinois courts have held that when an accident occurs in another state and action is brought in Illinois, the substantive rights and liabilities of the parties will be determined in accordance with the law of the state where the accident happened. O'Neal v. Caffarello, 1940, 303 Ill.App. 574, 25 N.E.2d 534; Keehn v. Braubach, 1940, 307 Ill.App. 339, 30 N.E.2d 156; Rapers v. Holmes, 1937, 292 Ill.App. 116, 10 N.E.2d 707. The law of the place of the wrong is determinative of the right to contribution. Thus, if under Wisconsin law there is a substantive right of contribution between joint tortfeasors, it will be recognized and applied in Illinois and the procedure for its enforcement in the federal courts is established by Rule 14.

■■ In Western Casualty & Surety Co. v. Milwaukee General Const. Co., 1933, 213 Wis. 302, 305, 251 N.W. 491, 492, the Supreme Court of Wisconsin analyzed the rights which joint tortfeasors have as follows:

"Some confusion seems to exist as to when joint tort-feasors are subject to a common liability. Logically, it would appear that the right comes into being when the combination of negligent acts gives force and direction to events necessarily resulting in an occasion for paying damages. This does not depend upon an action being begun. A lawsuit may be necessary to settle the differences arising between the parties, but it is not within the province of a court as an original matter to give this right or take it away. It has its inception at the time the negligence of the alleged joint tort-feasors concurs to bring the injuries to the third person. It springs up at the time, and then and forever afterwards, until the claim is outlawed, they or either of them are under a liability to pay for injuries their negligent acts have caused. This inchoate right ripens into a cause of action when one of the joint tort-feasors pays more than his proportionate share of the claim for which all are liable."

The right to contribution is, therefore, an unenforceable right until such time as one of the joint tortfeasors pays more than his fair share of the total damages resulting from their joint negligence, at which time it ripens into a right to legal action to recover therefor. Frankfort General Ins. Co. v. Milwaukee Electric

Ry. & Light Co., 1919, 169 Wis. 533, 173 N.W. 307; Ainsworth v. Berg, 1948, 253 Wis. 438, 34 N.W.2d 790, vacated 35 N.W N.W.2d 911; State Farm Mut. Automobile Ins. Co. v. Continental Casualty Co., 1953, 264 Wis. 493, 59 N.W.2d 425. The Wisconsin third party statute is as follows:

§ 260.19(3) "A defendant, who if he be held liable in the action, will thereby obtain a right of action against a person not a party may apply for an order making such person a party defendant and the court may so order." Wis.Stat.1945.

The statute is permissive in its language and the joinder is within the discretion of the court. The above section gives recognition to the inchoate right of contribution existing at the time of the filing of the pleadings and is designed to avoid a circuity of action which would result where judgment is procured against and paid by one tortfeasor, who thereafter brings an action against the other tortfeasors to recover the amount of contribution required. It is a procedural device.

The court is of the opinion that the third party plaintiff, Briggs Transportation Company, has no substantive right to enforce which the Wisconsin statute or law has given him, but has only an inchoate right which is recognized from a procedural point of view to avoid a circuity of action; that inchoate right does not become a substantive or enforceable right until he has paid more than his share of the judgment. For these reasons the motion of Paul McCarthy to dismiss Count I of the third party complaint against him must be sustained.

Count II of the third party complaint is based upon property damage and cost of repairs incurred by virtue of the collision. Rule 14 permits a third party complaint where the third party defendant "is or may be liable to him for all or part of the plaintiff's claim against him." It contemplates the impleading of a third party where such third party is also liable for causing the damage to the plaintiff. It is not a device for bringing into an action any controversy which may have some relationship to it. The claim of Briggs Transportation Company for damages and repairs to its tractor-trailer is separate and distinct from the plaintiff's claim and joinder of that claim on the basis of Rule 14 is not proper.

An order has this day been entered sustaining the motion of Calhoun Sales, Inc., to quash the service of summons, and sustaining the motion of Paul McCarthy to dismiss the third party complaint against him.