George SMITH, Plaintiff,

v.

Max C. WHITMORE, Defendant and Third-Party Plaintiff, Appellee (Pervis Lee PUE, Jr., Third-Party Defendant, Appellant).

No. 12867.

United States Court of Appeals Third Circuit.

Argued June 4, 1959.

Decided Oct. 6, 1959.

Tom P. Monteverde, Philadelphia, Pa. (Lynwood F. Blount, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Josephine H. Klein, Philadelphia, Pa., on the brief), for third-party defendant, appellant.

Elston C. Cole, Philadelphia, Pa. (Charles Wright, Philadelphia, Pa., on the brief), for plaintiff.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

This appeal involves the issue of application of the Federal Rules of Civil Procedure, 28 U.S.C., to the provisions of the Uniform Contribution Among Joint Tortfeasors Act in effect in Pennsylvania ("Uniform Act").[1]

Plaintiff George Smith instituted suit in the United States District Court for the Eastern District of Pennsylvania[2] against Max C. Whitmore for recovery of damages for personal injuries arising out of an automobile accident which occurred in Philadelphia, Pennsylvania.[3]

Pursuant to Rule 14 of the Federal Rules, Whitmore impleaded Pervis Lee Pue, Jr. as a third-party defendant[4] seeking contribution in the event that he and Pue were found negligent. Plaintiff

---

1. Act of July 19, 1951, P.L. 1130, § 2, 12 P.S. § 2082 et seq.

2. Jurisdiction was based on diversity of citizenship, plaintiff being a citizen resident of Pennsylvania and defendant a citizen resident of New Jersey.

3. Plaintiff was struck by Whitmore's automobile while he was standing on the sidewalk. Whitmore alleged that his au- tomobile hit the plaintiff after it was struck by the automobile of Pue, the third-party defendant.

4. Pue is a citizen and resident of Pennsylvania. The identity of residence between plaintiff and third-party defendant did not destroy the diversity jurisdiction of the District Court. Sheppard v. Atlantic States Gas Co., 3 Cir., 1948, 167 F.2d 841.

never amended his complaint to include Pue as a party defendant. The jury returned a general verdict for Smith against Whitmore in the sum of $19,500 which was never appealed. In returning its general verdict the jury, in response to an interrogatory, found that Pue was "guilty of negligence which was a substantial factor in causing the accident".

The District Court entered the following judgment:

"And Now, to wit: January 13, 1959, in accordance with the verdict and the jury's answer to an interrogatory, it is

"Ordered that Judgment be and the same is hereby entered in favor of Plaintiff, George Smith, in the sum of Nineteen Thousand Five Hundred and 00/100 ($19,500.00) Dollars, and against the Defendant Max C. Whitmore, together with costs, and it is further

"Ordered that judgment be and the same is hereby entered in favor of Third-party Plaintiff, Max C. Whitmore and against Third-party Defendant, Pervis Lee Pue, Jr., in the sum of Nine Thousand Seven Hundred and Fifty and 00/100 ($9750.00) Dollars, together with costs."

On January 22, 1959, third-party defendant moved, pursuant to Rule 59(e) of the Federal Rules, for an Order amending the foregoing Judgment to read as follows:

"Judgment in favor of plaintiff and against defendant in the sum of Nineteen Thousand Five Hundred ($19,500.00) Dollars and in favor of third-party plaintiff and against third-party defendant for contribution."

The following Order was thereafter entered by the District Court:

"And Now this 29th day of January, 1959, an Order is entered amending the Judgment entered on January 13, 1959, to read Judgment in favor of plaintiff, George Smith, and against defendant, Max C. Whitmore, in the sum of $19,500.00, and in favor of third-party plaintiff and against third-party defendant in the sum of $9,750.00, for contribution."

It is from this money judgment of $9,750 against him that the third-party defendant has appealed. He contends that it is erroneous in that the Uniform Act precludes the entry of a money judgment for contribution until such time as the third-party plaintiff has paid more than his pro rata share of the common liability and cites in support Section 2 of the Act which provides as follows:

"(1) The right of contribution exists among joint tortfeasors; (2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof. * * * *" 12 P.S. § 2083.

In reply, the third-party plaintiff argues in substance that although the Uniform Act creates a substantive right to contribution among tortfeasors its further provision that a joint tortfeasor is not entitled to a money judgment for contribution until he has paid more than his pro rata share of the judgment against him is merely "procedural" and that while a federal court is required to apply the substantive law of the states [5] it is not required to apply its procedural rules and will apply instead the Federal Rules of Civil Procedure. On the latter score, says the third-party plaintiff, the judgment in the instant case is valid by reason of Rule 14(a) and 49(b) of the Federal Rules, since the third-party defendant was impleaded under the provisions of the former and Rule 49(b) controls where a general verdict is accompanied by interrogatories, as here.

We have not had occasion, heretofore, to rule upon the precise issue presented by this appeal. We have, however, held that "Contribution is a right arising under the substantive law of the States"

5. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

and applied the holding to the Pennsylvania Act of June 24, 1939, P.L. 1075, 12 P.S. § 2081, the predecessor statute to the Uniform Act under consideration. Howey v. Yellow Cab Co., 3 Cir., 1950, 181 F.2d 967, 972, affirmed 1951, sub nom. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523. Earlier in Sheppard v. Atlantic States Gas Co., 3 Cir., 1948, 167 F.2d 841, 844–845, we held with respect to the same Act that it was "controlling" in a joint tortfeasors contribution action. Again, in Gartner v. Lombard Bros., 3 Cir., 1952, 197 F.2d 53, 55, we stated with respect to the 1939 statute that "It is Pennsylvania law which governs here." In the cases cited the third-party defendant was impleaded by the defendant (third-party plaintiff) under Rule 14(a).

■ The sum of the third-party plaintiff's contention is that the Uniform Act has a "split personality"; it is "substantive" as far as it grants him the right of contribution against his joint tortfeasor, but "procedural" in so far as it conditions his right to a money judgment for contribution "until he has by payment discharged the common liability or has paid more than his pro rata share thereof. * * *"

We cannot subscribe to that contention.

By the clear terms of the Uniform Act the right of contribution and the conditions imposed as to the accrual of the right to a money judgment for contribution are substantive rights. Subsection 1 of Section 2 of the Uniform Act establishes the "right of contribution" among tortfeasors; subsection 2 of Section 2 makes payment of more than the pro rata share of the common liability a condition precedent to the accrual of the right to a money judgment for contribution.

The case books abound with decisions in accord with our view.

Thus, in Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 1954, 14 N.J. 372, 102 A.2d 587, at page 591, the Supreme Court of New Jersey, with respect to a similar provision of the New Jersey contribution statute, N.J.S.A. 2A:53A–1 et seq., said:

"The statutory right of action for contribution accrues only on the payment by a joint tortfeasor of a money judgment recovered against him for the injurious consequences of the wrong * * *. *The payment beyond the payor's pro rata share is the act which gives rise to the statutory right of restitution.*"

and at pages 593–594 of 102 A.2d:

"*Joint liability is not enough; payment is of the essence of the right of action,* not only under the statute but also at common law in cases where contribution may be had, De Paris v. Wilmington Trust Co., 7 Boyce 178, 30 Del. 178, 104 A. 691, 1 A.L.R. 1352 (Sup.Ct.1918) * * *." (Emphasis supplied.)

To the same effect see Sattelberger v. Telep, 1954, 14 N.J. 353, 102 A.2d 577; Mijon v. Acquaire, 1958, 51 N.J.Super. 426, 144 A.2d 161, certification denied, 1958, 28 N.J. 146, 145 A.2d 357.

The National Conference of Commissioners on Uniform State Laws in a Note to the subsection of the Uniform Act precluding a money judgment until the third-party plaintiff has paid more than his pro-rata share of the judgment, said:

"This Subsection [Section 2, Subsection 2] merely states the universally recognized condition required for obtaining a money judgment for contribution. The Act in no way changes this requirement for stating a 'cause of action' for contribution; and the subsequent Sections permitting cross-litigation in the injured person's action, before these conditions exist, of some of the issues involved in securing contribution are in no way in conflict with the provisions of the Subsection."

■ The third-party plaintiff's contention that Rules 14 and 49 of the Federal Rules permit the entry of the judgment at issue is utterly without merit.

As was pointed out in D'Onofrio Construction Company v. Recon Company, 1

Cir., 1958, 255 F.2d 904, 906, Rule 14 cannot be used in a contribution proceeding " * * * to enhance the substantive rights of the original defendant over what is given by state law." To the same effect see Linkenhoger v. Owens, 5 Cir., 1950, 181 F.2d 97, at page 99, where it was said:

> "The command of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is that the ultimate results reached in litigation in the Federal Courts predicated upon causes of action arising from the State law, must be the same as if the litigation had been conducted in the State courts. While the Federal Courts should properly employ its own rules of procedure to secure the just, efficient and prompt determination of all claims inherent in any litigation before it, nevertheless the ultimate results reached must be such as accord with the substantive jurisprudence of the State of the forum."

In Brown v. Cranston, 2 Cir., 1942, 132 F.2d 631, 633–634, 148 A.L.R. 1178 certiorari denied sub nom. Cranston v. Thompson, 1943, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698 it was held in a contribution action that Rule 14 cannot be construed " * * * as to give the defendant a recovery which could not be obtained through any remedy available in the New York State Courts."

Professor Moore in his discussion of Rule 14 in 3 Moore's Federal Practice Para. 14.03 points out that the Rule "creates no substantive rights"; and "does not 'abridge, enlarge, nor modify the substantive rights of any litigant' ". He specifically states that "The Rule does not establish a right of reimbursement, indemnity nor contribution. * * *"

The foregoing is in consonance with the statute authorizing the Supreme Court to promulgate the Federal Rules wherein it is stated that "Such rules shall not abridge, enlarge or modify any substantive right. * * *" 28 U.S.C. § 2072.

■ Rule 49(b), relied on by the third-party plaintiff, because it deals with a situation where a general verdict is accompanied by interrogatories, affords no support to his position. It merely provides that "When the general verdict and the answers [to interrogatories] are harmonious, the court shall direct entry of the appropriate judgment upon the verdict and answers". The phrase "appropriate judgment" merely means a judgment to which the prevailing party is entitled and here under the applicable substantive law a money judgment against the third-party defendant was not "appropriate."

Summing up the foregoing, we are of the opinion that the Federal Rules do not operate to abridge or enlarge the substantive right of contribution as established by the Uniform Act, and accordingly the judgment at issue was erroneous in view of the absence of proof below that the third-party plaintiff had paid more than his pro-rata share of the $19,500 judgment against him.[6]

The third-party plaintiff has cited Howey v. Yellow Cab Co., supra, where a money judgment was entered below, in support of the judgment under review. That case is inapposite here. First, when it reached this Court the judgment had been paid in full by the third-party plaintiff and the sole issue presented was whether the United States could be held liable for contribution in a third-party proceeding; second, the Pennsylvania contribution statute then in effect (Act of 1939) did not contain the provision in Section 2, subsection 2, that "A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof. * * *"

---

6. The third-party plaintiff stated in his brief here that "he has paid $10,000 to the plaintiff" and further indicated that that payment was actually made by his insurance company under the terms of a $10,000 liability policy. Since the record below does not disclose the payment we cannot take cognizance of it.

■ There remains for discussion the nature of the judgment to which the third-party plaintiff was entitled under the Uniform Act.

Federal courts have utilized both conditional judgments, Mid-States Insurance Company v. American Fidelity & Casualty Company, Inc., 9 Cir., 1956, 234 F.2d 721, 732, United Gas Corp. v. Guillory, 5 Cir., 1953, 206 F.2d 49, 53, and judgments staying execution until payments have been made in excess of the pro rata share of the common liability, Thomas v. Malco Refineries, Inc., 10 Cir., 1954, 214 F.2d 884.

New Jersey, where the Uniform Act is in effect, has alternative procedures in cases where there is a finding of joint liability. They are spelled out in Mijon v. Acquaire, supra, at page 168 of 144 A.2d as follows:

"* * * the most relief he [third-party plaintiff] can then receive is an order (entered after a judgment in a plaintiff's favor on the main case) that the sued party is a joint tortfeasor and that, if the suing party later pays more than his *pro rata* share of the judgment and makes proof thereof, a judgment shall then be entered in his favor against the joint tortfeasor for the excess paid, or, after the entry of plaintiff's judgment, a judgment in his favor against the joint tortfeasor for one-half of the plaintiff's judgment conditional upon his payment of that judgment."

Our research has failed to disclose any Pennsylvania precedent on the score of entry of judgment in contribution cases where the third-party defendant was not joined by the plaintiff as a party-defendant, nor have counsel cited to us any cases on the subject.

It seems desirable in our opinion to conform the judgment in a contribution case to the specification in the Uniform Act that "A joint tortfeasor is not entitled to a money judgment for contribution until he has * * * discharged the common liability or has paid more than his pro rata share thereof. * * *"

The quiver of the judgment should contain but two arrows—one directed to the liability of the defendant and one to the existence of the right of contribution. The defendant who, after the entry of such a judgment, "discharged the common liability or * * * paid more than his pro rata share thereof * * *" could then obtain a money judgment against the third-party defendant for the excess which he has paid over his pro rata share of the plaintiff's judgment.

Such a judgment would, in the instant case, read as follows:

"And now, to wit, (date), in accordance with the verdict and the jury's answer to an interrogatory, it is

"Ordered that Judgment be and the same is hereby entered in favor of Plaintiff, George Smith, and against the defendant, Max C. Whitmore, in the sum of Nineteen Thousand Five Hundred Dollars ($19,500), together with costs, and it is further

"Ordered and Adjudged that the defendant, Max C. Whitmore, and the third-party defendant, Pervis Lee Pue, Jr., are joint tortfeasors and that the right of contribution exists in favor of the said Max C. Whitmore and against the said Pervis Lee Pue, Jr., and the said Max C. Whitmore may hereafter have judgment against the said Pervis Lee Pue, Jr. for the amount which he proves he has paid to the Plaintiff, George Smith in excess of the sum of Nine Thousand Seven Hundred and Fifty Dollars ($9,750.00)."

For the reasons stated, the Order to Amend Judgment entered by the District Court on January 29, 1959 and its Judgment of January 13, 1959, are vacated and the cause remanded with instructions to proceed in accordance with this opinion.