Frank K. BROOKS, Plaintiff,
v.
John F. BROWN, Jr., Defendant.

Mary E. PICKOP, Plaintiff,
v.
John F. BROWN, Jr., Defendant.

Civ. A. Nos. 97-69 and 98-69.

United States District Court
E. D. Virginia,
Norfolk Division.

June 16, 1969.

John M. Cloud, Norfolk, Va., for plaintiffs.

Wayne Lustig, Norfolk, Va., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

Frank K. Brooks, third party defendant, (Brooks) moves the Court to dismiss the third party complaint filed herein, upon the grounds that John F. Brown, Jr., defendant and third party plaintiff, (Brown) may not maintain such an action for contribution until he has made payment of any sum which may be found to be due Mary E. Pickop, (Pickop) the original plaintiff.

Pickop, a passenger in an automobile operated by Brooks, was injured in a collision between the automobile of Brooks and one operated by Brown. Pickop instituted action against Brown to recover damages for said injuries. Brooks filed a similar action against Brown. These actions, filed in the State Court, were removed by Brown to this Court, and consolidated for trial.

Thereafter, Brown filed his third party complaint against Brooks. Brown alleges that the collision was due to the "sole negligence of * * * Brooks, or alternatively the joint and concurring negligence of * * * Brooks," and that "Brooks is liable to the said Third Party Plaintiff for all or part of the Plaintiff's * * * claim against the said Defendant and Third Party Plaintiff."

It is agreed that if the negligence of Brooks was the sole cause of the collision, there is no liability on Brown. If it is determined the collision was caused by the concurring negligence of Brooks and Brown, Pickop may recover of Brown [she has not sued Brooks]. Brooks cannot recover of Brown, and Brown would be entitled to maintain an action against Brooks for contribution, but only after Brown has "made payment."

Brown asserts his right to file the third party complaint is granted by Rule 14 of the Federal Rules of Civil Procedure. Rule 14(a) permits a defendant at any time after commencement of the action to cause a complaint to be served "upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Rule 13 of the Federal Rules of Civil Procedure permits a pleading to state as a counter-claim "any claim which at the time of serving the pleading the pleader has against any opposing party;" and paragraph (g) of that rule provides that a pleading may state as a cross-claim "any claim by one party against a co-party * * *."

Here the claim sought to be asserted will only arise if it is established that this accident was proximately caused by the joint negligence of Brown and Brooks. Hence, Brown says that if it is determined Pickop is entitled to a judgment against him, he is entitled to contribution from Brooks. But, Brown does not have a cause of action upon the determination that Pickop is entitled to a judgment against him but only upon payment.

There is no right of contribution among joint tort-feasors at common law. However, under § 8–627, Code of Virginia (1950), as amended, Virginia departs from the common law principal in this language:

Contribution among wrongdoers may be enforced when the wrong is a mere act of negligence and involves no moral turpitude.

Apparently most states are more definitive in their statutes which create the substantive right allowing a joint tort-feasor to seek contribution from another, in that they affirmatively provide that there must have been a judgment rendered (West Virginia); or there must have been payment (Tennessee); or there must be a joint judgment and also payment (New York, Michigan). While the Virginia statute is silent as to when the right of contribution arises, the point has been decided by its Supreme Court of Appeals.

The right of contribution in Virginia arises when the joint tort-feasor has made payment.

The right to contribution becomes complete and enforceable upon the payment or discharge of the common obligation. Van Winckel v. Carter, 198 Va. 550 (1956), 95 S.E.2d 148.

It does not arise from demand or judgment, but only upon payment, McKay v. Citizens Rapid Transit Co., 190 Va. 851 (1950), 59 S.E.2d 121, 20 A.L. R.2d 918:

Until payment was made by the insurance carriers no right of contribution in their favor arose * * *.

And in Nationwide Mutual Insurance Co. v. Jewel Tea Co., Inc. (1961), 202 Va. 527, 118 S.E.2d 646, Judge Snead said, at page 649:

The right to contribution is not based upon express contract or agreement. Code § 8–627 specifically states that

contribution may be enforced between wrongdoers when the act of negligence involves no moral turpitude. This is a right that is given by statute and arises when, and only when, one tort-feasor has paid a claim for which they are both liable. The right of action arises upon payment or discharge of the obligation, and it is then that the statute of limitation begins to run.

The right of contribution, being a substantive right created by Virginia statute and which does not arise until payment has been made, cannot be litigated in federal courts in Virginia as a third party complaint under Rule 14, Federal Rules of Civil Procedure (Virginia has no third party practice).

In 3 Moore, Federal Practice, ¶ 14.02, at 473 (2d ed.1953), the editor reviews the application of Rule 14 of the Federal Rules of Civil Procedure and concurs in the decision of Brown v. Cranston, 132 F.2d 631 (2d Cir. 1942), that under New York law a defendant had no right of contribution, except that there be joint judgment and payment (only payment in Virginia).

See also Bartlett v. Roberts Recapping, Inc., 207 Va. 789 (1967), 153 S.E. 2d 193; North River Insurance Co. v. Davis, 274 F.Supp. 146, 149 (W.D.Va. 1967); Buckner v. Foster, et al., 105 F. Supp. 279 (E.D.Michigan 1952); Fontenot v. Roach, 120 F.Supp. 788 (E.D. Tenn.1954); Geborek v. Briggs Transportation Co., 139 F.Supp. 7 (N.D.Ill. 1956); Cromer v. Sollitt, 16 F.R.D. 559 (S.D. W.Va.1954); Wolfe v. Johnson, 21 F.R.D. 280 (N.D.W.Va.1958); 3 Moore, Federal Practice, ¶ 14.02, page 473 (2d Ed.1953); Brown v. Cranston, 132 F.2d 631, 148 A.L.R. 1178 (2d Cir. 1942); Baltimore & O. R. Co. v. Saunders, 159 F.2d 481 (4th Cir. 1947); Pierce v. Ford Motor Co., 190 F.2d 910, 916 (4th Cir. 1951).

In Baltimore & Ohio Ry. Co. v. Saunders, supra [159 F.2d 481, 484] it was pointed out that "under the law of West Virginia, contribution may be had among joint tort-feasors, not with respect to an inchoate liability, but only as to a joint judgment which has already been obtained against them."

Defendant contends that the decision in Ford Motor Company v. Milby, 210 F.2d 137 (4th Cir. 1954), entitles him to maintain this action. There, in an action against Ford Motor Company, Ford sought to bring in Richmond Motor Company. In that suit the original plaintiff alleged in her pleadings that Richmond Motor Company was the agent for Ford Motor Company. Ford sought to bring in Richmond. The Court there pointed out that "what is sought here is not to bring in as a third party defendant a joint tort-feasor alleged to be liable to plaintiff along with defendant * * * but to bring in one alleged to be liable to defendant for any recovery that plaintiff may obtain against the defendant." The Court continued with the language, "[W]e have no doubt as to the correctness of the rule laid down in the case of *Pierce* v. Ford Motor Company, supra, and Baltimore & O. R. Co. v. Saunders, 159 F.2d 481 (4th Cir.), the case upon which it is based; * * *. The bringing in of a third party defendant liable to the original defendant for a liability asserted by plaintiff against the original defendant alone is an entirely different matter."

In disposing of the claim of Pickop against Brown, if the jury finds that the accident was due to the sole negligence of Brooks, she will not recover. If they find it was due to the joint negligence of Brooks and Brown, she is entitled to recover. In this last instance Brown would be entitled to contribution from his joint tort-feasor for one-half of the amount of the judgment, but only after payment. Hence, it is not indemnity or exoneration, but contribution. Contribution is a right arising under the substantive law of the State. It is both substantive as to granting the right to contribution against a joint tort-feasor, and insofar as it conditions the right to contribution "when, and

**910**

only when, one tort-feasor has paid a claim for which they are both liable." Nationwide Mutual Ins. Co. v. Jewel Tea Co., Inc., supra; Smith v. Whitmore, 270 F.2d 741, 744 (3rd Cir. 1959). In Smith v. Whitmore, at page 745 [270 F.2d 741, 745], the opinion quoted from Linkenhoger v. Owens, 181 F.2d 97, 99 (5th Cir. 1950), the following:

"The command of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is that the ultimate results reached in litigation in the Federal Courts predicated upon causes of action arising from the State law, must be the same as if the litigation had been conducted in the State courts. While the Federal Courts should properly employ its own rules of procedure to secure the just, efficient and prompt determination of all claims inherent in any litigation before it, nevertheless the ultimate results reached must be such as accord with the substantive jurisprudence of the State of the forum."

At page 745 [270 F.2d 741, 745] the opinion continues:

In Brown v. Cranston, 2 Cir., 1942, 132 F.2d 631, 633–634, 148 A.L.R. 1178, certiorari denied sub nom. Cranston v. Thompson, 1943, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698, it was held in a contribution action that Rule 14 cannot be construed "* * * as to give the defendant a recovery which could not be obtained through any remedy available in the New York State Courts."

Professor Moore in his discussion of Rule 14 in 3 Moore's Federal Practice Para. 14.03 points out that the Rule "creates no substantive rights"; and "does not 'abridge, enlarge, nor modify the substantive rights of any litigant'". He specifically states that "The Rule does not establish a right of reimbursement, indemnity nor contribution. * * *"

The foregoing is in consonance with the statute authorizing the Supreme Court to promulgate the Federal Rules wherein it is stated that "Such rules shall not abridge, enlarge or modify any substantive right. * * *" 28 U.S.C. § 2072.

The motion to dismiss the third party complaint is therefore granted, and the complaint is accordingly dismissed without prejudice.