**Marie Jones BELL, etc.**

v.

**FEDERAL RESERVE BANK.**

Civ. A. No. 510–72–R.

United States District Court,
E. D. Virginia, Richmond Division.
Dec. 21, 1972.

John H. OBrion, Jr., Richmond, Va., for plaintiff.

M. Wallace Moncure, Jr., Richmond, Va., for defendant.

MEMORANDUM

MERHIGE, District Judge.

Marie Jones Bell, as Administrator of the Estate of Emmett D. Jones, deceased, brings this action against the Federal Reserve Bank of Richmond and Travelers Indemnity Company (Travelers) for wrongful death of her decedent in an elevator accident at the Federal Reserve Bank (hereinafter "Bank"). Jurisdiction is attained by virtue of 12 U.S.C. § 632 with respect to the Bank and 28 U.S.C. § 1332 (diversity) with respect to Travelers (an Ohio corporation).

The Bank has subsequently filed a Third Party action for indemnity against Otis Elevator Company (Otis), a New Jersey corporation, the employer of the deceased as of the time of his death. The basis of said complaint is a contract requiring of Otis that work be performed in a reasonably safe manner, an alleged breach of which gives rise to the third party complaint.

The parties are presently before the Court pursuant to Otis' motion to dismiss the third party complaint. The parties have briefed the matters raised thereby, and it is upon same that the Court finds the matter ripe for disposition.

Otis has grounded its motion on three bases:

1. The third party complaint fails to state a cause of action.

2. Because the deceased was an employee of Otis, it is asserted that the third party complaint is barred by Virginia's Workmen's Compensation Act.

3. Otis, itself, is entitled to indemnification from the Federal Reserve Bank by virtue of contract agreements.

The gravamen of Otis' first argument is that the third party complaint, if at all, states a claim for contribution and that it, accordingly, is premature. Otis relies for support of its position on Judge Kellam's opinion in Brooks v. Brown, 307 F.Supp. 907 (E.D.Va.1969).

In *Brooks,* Judge Kellam found that the third party complaint was addressed to a right of contribution which, under Virginia law, does not arise until payment has been made by the joint tortfeasor against whom judgment was initially sought.[1] Accordingly, it was there found that said claim, not ripe under State law, could not be litigated pursuant to Rules 13 and 14, F.R.Civ.P. as a third party claim in the federal forum.

While cognizant of Judge Kellam's ruling in *Brooks,* this Court respectfully differs from the conclusion enunciated therein. The Court is prompted to its result by several factors.

■ First, it is clear that the application of Rule 14, F.R.Civ.P. to the claim here asserted is determined by substantive State law, *Brooks, supra;* Smith v. Whitmore, 270 F.2d 741, 745 (3d Cir. 1959). Subsequent to *Brooks,* in March 1972, the Virginia Supreme Court promulgated new rules of civil procedure. In contrast to former Rule 3:9.1, which abolished third party practice, new Rule 3:10 permits third party suits against a person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The question is whether the phrase "is or may be liable" changes the substantive law with respect to the maturing of a claim for contribution. The Court is presently unaware of any Virginia appellate case authority which deals with this new issue.

It is arguable at first blush that the change in Virginia procedural law should have no bearing upon existent substantive law, a contention supported by traditional rules of statutory con-struction. See, Washington Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 44 S. Ct. 220, 68 L.Ed. 480 (1924). Nevertheless, the Court concludes that that general principle is inapplicable here in light of the history of Virginia procedural law with respect to third party suits.

Prior to the aforementioned rule change, third party suits were prohibited by Virginia procedural rules. The logical consequence of same could but only be a substantive law which reflected that prohibition. Thus, a claim for indemnification would cease to have the character of a third party claim and become a suit in its own right only upon final determination of liability between the primary parties. See, *e. g.,* City of Richmond v. Branch, 205 Va. 424, 137 S.E.2d 882 (1964). While the same substantive rule could well remain in effect despite the procedural changes in Virginia practice, the result thereby is clearly inconsistent with the liberal spirit of said procedural changes (which in effect are modeled in turn upon the liberal language of Rule 14 F.R.C.P.). In short, the issues of substantive and procedural law are here so intertwined as to make a concrete distinction between them overly formalistic. This result at the least prompts a re-evaluation of the Virginia substantive rule.

■ As heretofore stated, the Court is at this time without benefit of guidance from the Virginia Supreme Court on this matter and is thus placed in the somewhat difficult position of construing the law as it deems the Virginia Supreme Court would itself do. In reaching this issue as it is bound to do, the

---

1. There is some question as to whether the Bank's claim against Otis lies in contract (indemnification) or tort (contribution, as authorized by Va.Code § 8–627). Applying the distinction here at this stage would be premature and is rendered unnecessary in any case by Virginia cases (prior to June 1972) which propound the same principle enunciated in *Brooks* with re-spect to claims of indemnity. See City of Richmond v. Branch, 205 Va. 424, 137 S.E.2d 882 (1964). In the interest of consistency and relying on the face of the Bank's complaint as the Court must do for purposes of this motion, the Court will hereafter refer to the theory asserted as one in contract for indemnity.

Court concludes that the impleader action is not barred under Rule 14, F.R.C. P. The spirit of liberality which characterizes the new rule and the abandonment of the contrary older procedural policy requires that the third party action be allowed, the result thereby being the simultaneous rather than multiplicitous determination of issues raised by the primary litigations as it affects all the parties involved. See Wright and Miller, Federal Practice & Procedure, § 1448 at 264, et seq. There is as well some indication to the Court that the lower Virginia courts are also interpreting the procedural rule change as a mandate to permit third party claims for indemnity and contribution. See, Nelms v. Richmond, Fredericksburg & Potomac R. R. Co., Law & Equity Court of Richmond, opinion of Honorable Alexander Sands (August 9, 1970).

In summary, the Court concludes that the third party complaint is not barred by Rule 14, F.R.C.P., and the application of Virginia law thereto.

██ Otis' second contention is that the Bank's claim against it is barred by the Virginia Workmen's Compensation Act, Va.Code § 65.1–1, et seq. The Bank in support of its position contra, relies upon General Electric v. Moretz, 270 F.2d 780 (4th Cir. 1959). That case may be cited, however, for representing the well established rule that a Workmen's Compensation Act does not bar suits against an employer for indemnity where the employer is so bound to indemnification by contract.[2] Absent said contractual relationship, however, this Court concludes that it would be a violation of the intent of the Workmen's Compensation laws to subject an employer to further liability beyond direct statutory liability for injuries to an employee, for to do so would in effect lia-

ble the employer *both* upon common law (by indemnification) *and* statutory law (by Workmen's Compensation). This possibility was clearly anticipated by the Virginia legislature, which addressed the problem by providing that the employer would be subrogated to any rights of the employee, after payment to him pursuant to the Workmen's Compensation Act, against third party tortfeasors. Va. Code § 65.1–41. See Slusher v. Paramount Warrior, Inc., 336 F.Supp. 1381 (W.D.Va.1971). If the third party itself is an "employer" within the meaning of the Act, it of course is entitled to protection against liability from the employee except as provided by workmen's compensation.[3] If not an "employer," it may contest the primary tort claim with all the defenses available to it under common law (including a defense that the actual employer, not it, is the true tortfeasor.)

██ It appears to the Court therefore that the effect of the Workmen's Compensation Act upon the Bank's claim against Otis is governed by the question of whether the Bank was entitled under contract to indemnity. In short, absent contract indemnification the claim is barred; but if there is a contract, the Bank may proceed thereunder.

Upon the face of the Bank's third party complaint, an implied warranty of workmanship is pleaded as the basis of indemnity. No allegation is made of express contractual obligation, although *Moretz, supra,* and Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), suggest that express indemnification may not be necessary and that an obligation to indemnify may be construed from the provisions of a contract like those alleged here. Accordingly, under the *Moretz* rule the Bank may, at least at this

---

2. In *Moretz*, the contractual relationship was construed on the basis of the work contracts and possible effect of legislation involved. See also, Note, 42 Va.L.R. 959 (1956).

3. In the instant action no claim has been made that the Bank is so protected and accordingly the Court will not consider that possibility at this time.

stage, maintain its third party action upon a theory of contract indemnification. Whether the Bank, if it loses to Bell, may ultimately recover against Otis, depends on the nature of the implied contractual obligations alleged. The Court does not now have sufficient evidence before it to make that determination.

■ Otis' final contention is that it is entitled itself to indemnity "by reason of certain agreements and courses of conduct entered into between [the parties.]" Otis has not elaborated this contention which is, unsurprisingly, disputed by the Bank. Standing alone, this bald statement does not support dismissal, although at a later stage it may be relevant to the Workmen's Compensation indemnification issue discussed *supra*.

Accordingly, for the reasons stated above, the motion to dismiss the third party complaint will be denied.

An appropriate order shall issue.