## CIRCUIT COURT OF FAIRFAX COUNTY

Allen Harvey Shaw

v.

Sean Enterprises, Inc.,
and Taylor Rental Corp.

v.

Newgate Management Corp.

February 12, 1985

Case No. (Law) 56022

By JUDGE F. BRUCE BACH

This matter comes before the Court on the Demurrers of Third Party Defendant Newgate Management Corporation (Newgate). The underlying cause of action in this litigation involves a claim by Plaintiff Allen Harvey Shaw (Shaw) against Defendants and Third Party Plaintiffs Sean Enterprises, Inc. (Sean), and Taylor Rental Corporation (Taylor) for personal injuries allegedly arising out of the use of a post hole auger rented to Shaw's employer Newgate by Sean, a franchisee of Taylor. Sean and Taylor have brought a third party action against Newgate, requesting a declaratory judgment on an alleged indemnity agreement between Newgate and Sean. After reviewing the facts of the case, the applicable law, and the memoranda submitted by counsel, the Court overrules the first, second, third, fourth, sixth, and seventh demurrers, and sustains the fifth demurrer with leave to amend.

In Newgate's first and second demurrers, it is asserted that the Third Party Motion for Judgment fails to state a cause of action and is fatally defective in that it prays for declaratory relief, an improper third party

claim under Rule 3:10 of the Supreme Court of Virginia. The court finds nothing in the language of Rule 3:10 to support Newgate's contention in this regard. Moreover, third party claims for declaratory relief have been allowed under Rule 14 of the Federal Rules of Civil Procedure, Rule 3:10's federal counterpart, notwithstanding the fact that the language of Rule 14 "more neatly describes the traditional indemnity action." *Pavey v. University of Alaska v. National Collegiate Athletic Association*, 490 F. Supp. 1011, 1015 (D. Alaska 1980). Because a declaratory judgment is a proper third party claim under Rule 3:10, the first and second demurrers are overruled.

In its third demurrer, Newgate asserts that Third Party Plaintiffs stand in the same position as Plaintiff Shaw, and are therefore barred by the Workmen's Compensation Act's exclusivity provision from asserting an additional claim against the Plaintiff's employer. *See* Va. Code, section 65.1-40 (1980 Repl. Vol.). Because the Act does not preclude suits against an employer for indemnity where the employer is bound to indemnification by an express contract, the third demurrer is overruled. *See Bell v. Federal Reserve Bank*, 57 F.R.D. 632 (E.D. Va. 1972).

The fourth demurrer is based upon Newgate's assertion that the underlying cause of action is barred by the statute of limitations. This demurrer will be treated as a motion to dismiss on a plea of the statute of limitations, and is denied on the basis of the Court's previous ruling that the statute of limitations is a factual issue to be determined at trial.

Newgate's fifth demurrer challenges Third Party Plaintiff Taylor's standing to bring the motion as a third party beneficiary to the alleged indemnification agreement between Newgate and Sean. In order to establish third party beneficiary status, a claimant must prove that the primary parties to a contract clearly and definitely intended to confer a benefit upon him. *Oman v. Johns-Manville Corp.*, 482 F. Supp. 1060 (E.D. Va. 1980). In the Third Party Motion for Judgment, Taylor alleges that it is Sean's distributor, and asserts that it is an intended beneficiary to the indemnification agreement. Because the *facts* as alleged in the Third Party Motion for Judgment are insufficient to establish that the agreement was "clearly and definitely intended" to bestow a direct benefit upon Taylor, *see Valley Landscaping, Inc.*

*v. Rolland*, 218 Va. 257, 237 S.E.2d 120 (1977), the fifth demurrer is sustained. Leave is granted for Taylor to amend its Motion for Judgment to include facts supporting its claim to third party beneficiary status.

Newgate has also demurred on the ground that the indemnification clause is void as being unconscionable and violative of public policy. Several of the cases cited in support of this proposition deal with decisions under the Commercial Code, and are therefore inapplicable to situations involving leases. *Leake v. Meredith*, 221 Va. 14, 267 S.E2d 93 (1980). Furthermore, the Supreme Court of Virginia previously upheld indemnification agreements involving liability for property damage, *Chesapeake & ·Ohio R.R. v. Clifton Forge-Waynesboro Tel. Co.*, 216 Va. 858, 864, 224 S.E.2d 317, 322 (1976), and there is no reason to assume that a contrary result would be obtained in cases involving indemnification from personal injury liability. *Gill v. Rollins Protective Service, Co.*, 722 F.2d 55 (4th Cir. 1983). Because indemnification agreements between parties on equal footing are not *per se* unconscionable or violative of public policy, *id.*, the sixth and seventh demurrers are overruled.

In its memoranda in support of the demurrers, Newgate has asserted that the document containing the indemnification provision is a receipt rather than a contract and that any rights existing under the document .have been waived by Sean and Taylor's delay in filing their Third Party Motion for Judgment. Newgate further contends that the indemnification clause is unenforceable because it is inconspicuous and was not bargained for. Because these issues are in the nature of defenses, they are improperly raised by demurrer and will not be considered at this time.

For the reasons stated in this opinion letter, the Court overrules the first, second, third, fourth, sixth, and seventh demurrers, and sustains the fifth demurrer with leave to amend.